TEXAS LOAN AGENCY V. FANNIE R. FLEMING ET AL.

Delivered April 13, 1898.

**1. Parties—Action for Death—Survival.**

The right of action for the negligent killing of a person, created by article 3021, Revised Statutes, for the sole and exclusive benefit of the surviving husband, wife, children, and parents of the deceased, survives to the remaining beneficiaries upon the death of one of them pending an action by all, and neither the heirs nor the legal representatives of the deceased party are proper parties.

**2. Assignment of Error.**

An assignment of error to the admission of testimony can not be considered where the bill of exceptions fails to show that objection to the testimony was taken below.

**3. Same—Bill of Exceptions.**

The refusal of the court to submit special issues to the jury, as provided by the statute, is not available on appeal unless a bill of exceptions was reserved thereto.

**4. Negligence—Defective Building—Liability of Owner for Personal Injury.**

The owner of a building, whether in possession thereof personally or by tenant, is liable for the death of a person who came upon the premises by invitation, express or implied, and was killed without negligence on his part by falling through a door which led into open space, and was so situated with reference to other doors as to mislead unwary persons.

**5. Same—Implied Invitation.**

The owner of a portion of a building used as a hotel is liable for the death of a guest in the other portion of the house who fell through a door leading into open space, maintained in his portion of the building, under circumstances making it a nuisance, where there was nothing to indicate the dividing line between the two portions of the building, and the only water-closets in the building were situated in his portion, as under the circumstances there was an implied invitation to use his portion.

APPEAL from Bowie. Tried below before Hon. J. M. TALBOT.

*Frost, Blanding & Neblett,* for appellant.

*Chas. S. Todd, R. W. Rogers,* and *Hiram Glass,* for appellees.

FLY, ASSOCIATE JUSTICE.—This is a suit for damages caused by the death of Edgar Fleming, instituted by his wife, children, and parents against appellee. The cause was tried by jury and resulted in a verdict and judgment for $20,000 in favor of his wife and children.

It was established by the facts that appellant in 1891 held a mortgage on a certain hotel building in Texarkana, Texas, owned by one Benefield, and to settle the matter, the hotel was partitioned, Benefield getting a portion 32 feet wide and 130 feet long, and appellant the balance of the building. The hall running east and west ran across both portions of the house and was used jointly by the different owners. The hall running north and south was in the part of the building belonging to Benefield. The water-closets in the building were all on the property belonging to appellant. Guests of the hotel, on the second floor, in order to

reach the water-closets had to pass along the hall running north and south until a short hall, also on Benefield's property, running east and west, was reached, at the end of which the room in which the water-closets were situated was reached. This room belonged to appellant, and access to it could only be obtained in the manner described. In addition to the door leading from the hall into the room there was a door on the south of the room which opened out into space. The water-closets were used indiscriminately by guests whether in Benefield's or appellant's parts of the house. The hotel was on May 1, 1891, leased by Benefield and appellant to D. McGraw for a term of five years. At the time of the lease the door leading out into space was not locked nor in any manner protected or guarded, but was left open. The condition of the door was known to appellant, and it remained in that condition until the accident occurred, on the morning of March 3, 1892. On February 1, 1892, McGraw abandoned the hotel and appellant proceeded to collect rents from tenants of McGraw on the first floor, and Benefield opened a hotel in his part of the building, and with the knowledge and consent of appellant the guests of Benefield used the water-closets above described. On the night of March 2, 1892, Edgar Fleming, a guest of Benefield, went to the water-closets, and the door being open that opened out into space, stepped out, fell to the pavement fifteen feet below, and received injuries from which he died on March 4, 1892. We find that appellant at this time had resumed control of the hotel, and that the door was open on the night of the accident. Edgar Fleming was not guilty of contributory negligence in going through the door. Edgar Fleming lost his life through the negligence of appellant. The accompanying diagram will render assistance in arriving at an understanding of the condition of the premises hereinbefore mentioned:

Explanation.—A, B, represents the dividing line between the portion of the building owned by Benefield and that portion owned by Texas Loan Agency; 6 is the room in which Fleming was lodging; C, the door out of which Fleming fell; D is the closet room; E, the cross hall, and F and G the halls leading to the closet room.

The first assignment of error complains of the action of the court in not having the heirs or legal representatives of Mildred Fleming, mother of deceased, who died during the pendency of the suit, made parties. The assignment is without merit. In article 3021, Revised Statutes, it

is provided that in cases of death arising from the negligence of another, "the action shall be for the sole and exclusive benefit of the surviving husband, wife, children, and parents of the person whose death shall have been so caused, and that amount recovered therein shall not be liable for the debts of deceased." In article 3024 it is provided that "the action shall not abate by the death of either party to the record, if any person entitled to the benefit of the action survives. If the plaintiff die pending the suit, when there is only one plaintiff, some one or more of the parties entitled to the money recovered may, by order of the court, be made plaintiff and the suit be prosecuted to judgment in the name of such plaintiff for the benefit of the persons entitled." It is clear that by the "parties entitled to the money" is meant one of the class mentioned in article 3021, and that the provision was made to cover cases where one party brings suit for others and dies, as in the case of a parent suing for the benefit of minor children. This more fully appears as the reasonable construction of the law from the language of article 3025, wherein it is provided, that "if the sole plaintiff die pending the suit, and he is the only party entitled to the money recovered, the suit shall abate." That statute clearly shows that the intention was that the cause of action should be confined to the parties named in article 3021, and should not survive them.

The second assignment of error attempts to review the action of the court in permitting witnesses to testify that the door had been, on different occasions, left open. We are of the opinion that the testimony was admissible, but if it were not, appellant having failed to show, by bill of exceptions, that objection was presented to the introduction of the evidence, the assignment can not meet with consideration.

The third assignment of error attacks the action of the court in admitting evidence of declarations made by the deceased in a few minutes after the accident. No bill of exceptions was reserved as to the admission of this testimony, and the assignment will not be considered. Objections to the admission or exclusion of evidence will not be considered on appeal in the absence of proper bills of exception.

Appellant requested the court, in writing, to submit special issues to the jury prepared by it, and the request was not complied with, and appellant assigns that action as error. The amendment adopted on July 9, 1879, and carried into the Code by the codifiers of 1879 (article 1333), provided that "the jury shall render a general or special verdict as may be directed by the court; and the verdict shall comprehend the whole issue or all the issues submitted to them." It is clear that the article quoted gave the district judge the discretion to submit or refuse to submit special issues, and that his action would not be reviewed unless such discretion had been clearly abused. This was the construction placed upon the language by the Supreme Court in the cases of Cole v. Crawford, 69 Texas, 124, and Railway v. Miller, 79 Texas, 78, and such decisions would be the law touching a statute reading as does the article above quoted. In 1895, however, the article in question resumed the

shape that it had by the Act of April 19, 1879, and provides that the jury "shall render a general or special verdict, as shall be directed by the court at the request of a party to the suit," and when the request is made we doubt the right of the trial judge to refuse to submit such correct issues as are requested. The article in question contains the provision also for the filing of conclusions of fact and law of the judge, when the trial is by the court, at the request of a party, and it is a reasonable conclusion that the statute extends a privilege in the one case as in the other to parties to demand a finding as to the law and facts upon which the case was tried, the charge in case of trial by jury supplying the conclusions of law. We are of the opinion that the same rules are applicable to both classes of cases. In case of a refusal to file conclusions of law and fact, in order to have the action reviewed, a bill of exceptions must be reserved, and if the rule be the same in both cases, then appellant can not complain of the refusal to submit the special issues because no bill of exceptions was reserved, and if the discretion should, under the statute of 1895, be vested in the judge to present or refuse special issues, then we hold that his discretion was not abused. In this connection it may be well to note that the language used by the judge in refusing to submit the special issues indicates that appellant did not insist on its right to have the issues submitted, but acquiesced in the refusal. This amounted to a virtual nullification of the request by the party making it.

The court charged the jury that appellant was liable under two states of fact—first, that McGraw, the tenant of appellant, was in possession of the premises at the time of the accident, and that the door was in the same unprotected condition at the time the lease was executed as when the injury was inflicted, and that appellant knew or was charged with knowledge of the unsafe condition of the door; and second, that McGraw had resumed possession of the premises prior to the accident, and was chargeable with notice of the condition of the door, and that the construction of the house was such that appellant knew that people in the part of the house owned by Benefield did and would go into proximity to the door. These two theories were submitted fairly to the jury, but it is claimed that so many issues of fact were presented that the jury was likely confused by them. We think not; neither do we think that the charge is open to the contention that it placed the burden of proof on appellant. The charge complained of presented to the jury the proposition that in case certain facts were proved a verdict for appellees would follow, but if the evidence did not establish such facts, then a verdict for appellant should be rendered. If the charge had required proof by a preponderance of evidence of the negative propositions, this would have shifted the burden; but it does not require such proof. Railway v. Lauricella, 87 Texas, 277. Where a house which is built for the accommodation of the public, and to which they are invited for entertainment, is defective and unsafe in having a door unguarded and unprotected, leading out of the second story into space, and in proximity to water-closets reached by winding corridors, and where confusion would

necessarily arise as to the point of exit, the owner would be liable for damages to one lawfully upon the premises. Camp v. Wood, 76 N. Y., 92; Hayward v. Miller (Ill.), 34 Am. Rep., 229; Edwards v. Railway, 98 N. Y., 245; Curtis v. Kiley (Mass.), 26 N. E. Rep., 421.

Doors are constructed for the purpose of exits and entrances, and a door constructed so that it could not be used in the way they are designed to be used, creates a nuisance, and the owner will be charged with knowledge of the existence of the defect in the building, from the very nature of the defect, and the length of time it has existed. 1 Thomp. on Neg., 323; Swords v. Edgar, 59 N. Y., 28; House v. Metcalf, 27 Conn., 632. Appellant had owned the house for two months before it was leased to McGraw, and was charged with notice of the dangerous condition of his premises and also with the fact that a hall led from the part of the building owned by Benefield directly to the door, which was in close proximity to water-closets which were used by the occupants of Benefield's house. The very construction of the premises, the property of appellant being separated from Benefield's by an imaginary line, conveyed an implied invitation to guests of Benefield to enter appellant's premises. In the very nature of things it was impossible for strangers to tell where one property ended and the other began.

There was evidence to the effect that the door was in a dangerous condition when the house was rented by appellant to McGraw, and appellant would be liable for the damages arising therefrom, whether it or McGraw was in possession at the time of the accident. Whit. Smith on Neg., pp. 101, 102, and authorities cited; O'Connor v. Andrews, 81 Texas, 29; Camp v. Wood, 76 N. Y., 92. See also 9 Law. Rep. Ann., 155, and notes, and 26 Law. Rep. Ann., 197, and notes.

The charge is not open to any of the attacks made upon it. It presented the issues fairly to the jury, and gave a charge requested by appellant on the question of contributory negligence.

Under the facts of the case Edgar Fleming was not a trespasser upon the premises of appellant, but was there with its permission and implied invitation, and it was not error to refuse a charge on a phase of case not raised by the evidence. Appellant must have known that there were no water-closets in the house except those in his part of the house, and that they were used in common by occupants of the two portions of the house, and he had no right to maintain a man-trap on his premises that was standing invitingly open to the guests of the whole house. There was a common use of the water-closets, it being necessary for those in appellant's part of the house to go into Benefield's property to obtain access to the water-closets, and being necessary for those in Benefield's part of the house to use the water-closets. In coming from the closets the death-trap was directly in front, and whether it was open or shut, it extended an enticing invitation to the unwary stranger to obtain egress through it.

Under the testimony, this court will not hold that the verdict is ex-

cessive. There is abundant evidence to sustain it, and there is no evidence of malice or prejudice on the part of the jury.

No good purpose will be subserved by considering the thirty-six assignments of error in detail. We have discussed every material point presented and conclude that the judgment should be affirmed.

*Affirmed.*

Writ of error granted, and judgment of the Court of Civil Appeals affirmed.