PEOPLE'S BUILDING AND LOAN ASSOCIATION v. J. W. SELLARS.

Decided June 4, 1898.

**Usury—Assumption of Mortgage Debt.**

A purchaser of mortgaged land who assumes the payment of the mortgage as part of the purchase price can not avail himself of usury in the original debt secured by the mortgage.

APPEAL from Hood. Tried below before Hon. J. S. STRAUGHAN.

*B. M. Estes,* for appellant.

*Riddle & Martin* and *John J. Hiner,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This suit was brought by the appellant to foreclose a mortgage upon certain real estate in the town of Granbury, Hood County. This mortgage or deed of trust had been executed October 30, 1891, by William T. Sellars and Sarah L. Sellars, his wife, to secure the payment of a certain bond executed at the same time by W. T. Sellars, which bound him to pay to appellant the sum of $2000 within eight years from the date of the bond, and the further sums of $8.33 interest and $8.33 premium each and every month from the date of the bond, and providing, in case of any default in payments of interest or premium, for the maturity of the principal.

By deed dated January 27, 1893, W. T. Sellars and wife conveyed the property so mortgaged to J. W. Sellars, against whom alone this suit was brought. The consideration for this conveyance is thus described in the deed: "For and in consideration of the sum of $1000 to us in hand paid by James W. Sellars, receipt of which is hereby acknowledged, and the further consideration of his certain promissory note of even date herewith for the sum of $500, to be paid in monthly installments consisting of $20 per month, also that the said James W. Sellars is to assume payment of a certain mortgage given .by us to the People's Building,

Loan and Savings Association, dated October 30, 1891, of record in book No. 3, trust deed records, Hood County."

Upon a special verdict judgment was rendered in favor of appellant for the sum of $754.19, as the balance due upon the mortgage, with foreclosure of the lien on the land in controversy. From that judgment this appeal is taken, upon the ground that appellant was entitled to recover a greater sum than that.

Upon the first issue submitted, the jury found that W. T. and J. W. Sellars together had paid upon the mortgage the sum of $1394.66; upon the second issue, that $605.04 remained unpaid; and upon the third, that appellant had paid $149.15 insurance, for which it was entitled to recover, as provided in the bond and mortgage. Judgment was accordingly entered for the sum of $754.19.

But it is manifest from the record that appellant was entitled to recover a greater sum than this, unless the appellee was entitled to avail himself of the plea of usury in the original transaction, that being one of the defenses interposed. This defense was not, however, so far as we can see, directly submitted to the jury, though it is to be inferred from the above findings that all payments made were applied to the principal sum secured by the mortgage, thus in effect sustaining the plea of usury. It is clear, then, that if appellee could not avail himself of this defense, the assignments must be sustained which complain of the court's refusal to set aside the special verdict, because contrary to the undisputed evidence as to the amount due.

In order to avoid the effect of the recital of the consideration as quoted above from the deed to him, appellee undertook to show that the deed did not state the true consideration; but the verdict upon this, the seventh, special issue was: "That the deed does state the true consideration."

The decision of the case, then, turns upon whether a purchaser from the mortgagor, who has assumed the payment of the mortgage as a part of the purchase price, can avail himself of usury in the original debt secured by the mortgage. That he can not seems to be well settled by the authorities. 1 Jones on Mort., sec. 745, and numerous cases cited in the foot notes. See also Vaughn v. Building Assn., 36 S. W. Rep., 1013.

We therefore reverse the judgment and remand the cause for a new trial.

*Reversed and remanded.*

TARLTON, Chief Justice, did not sit in this case.