### J. S. Gregory v. Gulf & Interstate Railway Company.

#### Decided January 11, 1899.

**Practice on Appeal—Jurisdiction—Record.**
Where the amount claimed is below the jurisdiction of the county court and the record does not show that the case originated in justice court—though the briefs so state—the appeal must be dismissed.

Error to County Court of Galveston. Tried below before Hon. M. M. Mann.

*John S. Gregory,* plaintiff in error, pro se.

*Denson & Fickett,* for defendant in error.

COLLARD, Associate Justice.—The brief of plaintiff in error states that this suit was originally brought in Justice Court by the plaintiff in error and appealed to the County Court by the defendant in error.

If the suit originated in the Justice Court, the record does not disclose the fact. The record contains a petition of Gregory to the County Court and defendant's answer, conclusions of fact and law filed by the County Judge, judgment of the County Court in favor of the railway company, notice of appeal from the judgment, assignment of errors field in County Court, petition for writ of error and writ of error bond filed in the same court, and certificate of the clerk of the County Court, certifying the transcript. But there is nothing in the record of any proceedings in the Justice Court.

The petition of plaintiff below to the County Court at most claims but $200 damages. As an original suit in the County Court, that court would not have jurisdiction of the amount in controversy. To confer original jurisdiction upon that court, the amount in controversy must exceed in value $200. Rev. Stats., 1895, art. 1154.

So the record failing to show that the case originated in the Justice Court, and that the amount in controversy was sufficient to confer original jurisdiction upon the County Court, the cause must be dismissed from this court, and it is so ordered. Merrick v. Rogers, 46 S. W. Rep., 370.

*Dismissed.*