Southern Home Building and Loan Association v. H. S. and George M. Winans et al.

Decided December 15, 1900.

**1. Usury—Assumption of Usurious Debt.**

Usury in the original debt can not be pleaded by a subsequent purchaser of the property given as security therefor, who has assumed to pay the full amount of the usurious debt as a part of the consideration for the property.

**2. Same—Parol Evidence of Usury Admissible Against Written Contract.**

Under the plea of usury, as under that of fraud, accident or mistake, the matter alleged may be shown by parol testimony, notwithstanding it varies, contradicts, or even destroys the written contract.

**3. Estoppel.**

Plaintiff, a mortgagee, could not set up that defendants were estopped from claiming relief against mistake in the recitals of subsequent deeds transferring the property, where he was not induced by such recitals to change his own position in any way.

**4. Evidence—Opinion—Agency.**

It was not competent for plaintiff, as a witness, to state that a given person through whom he negotiated a loan contract with defendant corporation,. was the agent of such corporation. Hunter, Associate Justice, not concurring.

**5. Same—Parol Evidence of Intention Varying Written Contract.**

Where the consideration expressed in a deed is contractual, it is not competent to prove the intention of the parties where that intention varies or contradicts the plain terms of the written contract, without showing that such terms were inserted by mistake.

Appeal from Wilbarger. Tried below before the Hon. G. A. Brown.

*James E. Doran, T. L. Camp,* and *L. A. Carlton,* for appellant.

*Huff & Hall,* for appellees.

HUNTER, ASSOCIATE JUSTICE.—This suit was brought by Henry S. and George M. Winans against the appellant, a corporation organized under the laws of Georgia, to cancel a certain mortgage and bond given in the sum of $5000 for loaned money, executed by appellees to appellant on the 17th day of June, 1890, upon the ground that the contract was usurious and that, applying all payments to the principal of the debt, it was extinguished.

The defendant denied that the contract was usurious, and by cross-action impleaded Noble and wife, Fox, Houssels, and The Red Store, a corporation, and asked judgment against each one for the full amount of the balance of the debt with interest, etc., claiming a balance due of $1906.50, and for the foreclosure of the mortgage on the property given as security, which had been, since Winans mortgaged it to the association, sold and conveyed by Winans to Noble and wife, by Noble and wife to Fox, by Fox to Houssels, and by Houssels to The Red Store. This cross-action was based upon the recitals contained in the deeds, as follows:

In the general warranty deed from the Winans to Noble and wife dated December 31, 1890, the consideration is expressed as follows: "Six thousand three hundred and forty-eight dollars to us in hand paid, the receipt whereof is hereby acknowledged, and the further consideration that the vendees assume the balance on the obligation of the vendors in the Southern Home Building and Loan Association of Atlanta, Ga., which is a first lien on the property herein conveyed, amounting to eighty dollars per month for the next seventy-four months beginning with January, 1891, have granted," etc.

In the general warranty deed from Noble and wife to Fox, dated August 23, 1895, the consideration is expressed as follows: "$350, paid in cash by W. W. Fox, the receipt of which is hereby acknowledged, and the assumption by the said Fox of the mortgage held by the Southern Home Building and Loan Association, of Atlanta, Georgia, upon the land described in said deed as said mortgage was assumed by us, and the said Fox assumes and agrees to pay said association and be liable for said loan in all respects as we are, or might be ourselves."

In the general warranty deed from Fox to J. H. Houssels, dated May 26, 1896, the consideration is expressed as follows: "In consideration of the sum of $490, paid and secured to be paid by John H. Houssels, as follows: $490 cash, and the assumption of the payment by said Houssels of a lien or mortgage executed to the Southern Home Building and Loan Association, of Atlanta, Ga., by H. S. Winans and George M. Winans, of record, pages 390 to 394, volume 4, deed of trust records of Wilbarger County, Texas, upon the hereinafter described property according to the terms of said instrument. [Here follows description of the property.] But it is expressly agreed and stipulated that the mortgage above mentioned is retained against the above described property, premises, and improvements until the above described mort-

gage and all interest thereon are fully paid according to its face and tenor, effect and reading, when this deed shall become absolute."

In the general warranty deed from John H. Houssels to The Red Store, dated June 26, 1896, the consideration is expressed in exactly the same language as is contained in the above deed from Fox to Houssels. All these deeds were duly recorded on or about their dates respectively.

The case was tried by a jury, who returned the following verdict: "We the jury find the contract between the plaintiffs Winans and Southern Home Buildings and Loan Association for $5000 is usurious, and that all sums legally due thereon by H. S. and G. M. Winans have been paid, and we further find that said association should take nothing in its cross-action against the defendant John H. Houssels, The Red Store, or W. W. Fox." Judgment was so entered, and appellant has brought the case here for revision.

It is well settled that the usury in the original contract, if any, can not be pleaded by a subsequent purchaser of the security who, as part of the consideration for the purchase, promised absolutely to pay the full amount of the usurious debt, because, as it has been said, his liability arises from his assumption, a new contract, and not upon the original usurious one, and he is supposed to have received a consideration in the value of the property received by him for all he promises to pay. See Association v. Sellars, 19 Texas Civ. App., 201, and authorities there cited; Building Assn. v. Price, 18 Texas Civ. App., 370; Vaughn v. Association, 36 S. W. Rep., 1013. It is clear from the deeds that Noble and wife had assumed to pay to the association only the balance of eighty-four payments remaining unpaid at the time they bought, and Fox agreed to be bound to it only for the payments which Noble and wife agreed to make, and the court should so charge the jury on another trial.

The rights of a privy to a contract can rise no higher than those of the parties thereto. The principles of estoppel would sometimes preclude the parties from asserting the mistake as against persons who, upon the faith of such recitals, part with something valuable or change their position for a worse one. But the law of estoppel can not be invoked by the association in this case, because it was not induced by said recitals to do or not to do anything different from what it would or would not have done if they had not been made.

The thirteenth assignment of error complains of the admission of the evidence of George M. Winans, given by deposition, to the effect that "the monthly payments were to be used for liquidating the loan and the interest thereon. This agreement," says the witness, "was made with Mr. Eubanks, an agent of the company." There is no other evidence of his agency, and no cross-examination as to his means of knowledge of Eubank's agency. The first proposition is that, "Where a contract is reduced to writing, it is not competent to show by parol that there was an understanding other and different from that shown by that writing."

Another proposition is: "It is not competent for a witness to state that a particular person is the agent of a corporation. Whether Eubanks was an agent of the company depended upon facts which should have been proven, before permitting the witness to say that he, Eubanks, was an agent of the company, and then give what was claimed to be a contract with the company made through him."

Under the plea of usury, as under the plea of fraud, accident, or mistake, the real transaction may be proved by oral evidence, notwithstanding it varies, contradicts, or even destroys the written contract, and this is too well settled to require the citation of authorities. If the rule were otherwise, the cunning devices and schemes of the usurer could never be exposed, and the law against his grasping avarice would remain a dead letter upon our statute books.

The writer is of opinion that it is competent for a witness to state that a particular person named, with whom he negotiated a contract with a corporation, was the agent of that corporation, because it is the statement of fact. It may be shown, however, on cross-examination, or by any other competent evidence, that his statement is untrue; or, if he was the agent, that he had no authority to do what he did; or that the witness knows not whereof he speaks. But this only affects the weight of his statement and the credibility of the witness, and not the competency of his evidence. The majority, however, hold that the statement was incompetent and ought to have been excluded, because it was not the statement of a fact, but a conclusion of the witness on a question involving both law and fact.

The seventeenth assignment of error complains of the following paragraph of the court's charge: "But if you find from the evidence that the conveyance from Fox to J. H. Houssels of the property mentioned was made for the use and benefit of The Red Store, and so understood by Fox, J. H. Houssels, and The Red Store, and you find at the time of the said conveyance it was understood by Fox and by J. H. Houssels and The Red Store that only a total of eighty-four monthly payments of $80 each was required to satisfy the defendant association's lien on said property under the deed of trust in evidence; and you further find that it was at the time of such conveyance understood and agreed by Fox, Houssels, and The Red Store that said Houssels or The Red Store should assume and become liable to the defendant association for such, and only such, of said eighty-four monthly installments as were then unpaid, and you further find that by the recitals and stipulations contained in the deed from Fox to Houssels and J. H. Houssels to The Red Store, it was the intention of the parties thereto to bind the said Houssels and The Red Store to pay to the defendant association only such of said eighty-four installments as had not then been paid, then I instruct you in that case the defendant association can not recover against J. H. Houssels or The Red Store for any sum whatever, since it is admitted by said association that eighty-four full payments of $80 each have been made by The Red Store and others under the said loan contract."

The pleadings alleged that the absolute assumption of the mortgage debt to the association was inserted in the deed from Fox to Houssels by mistake, and by mistake was copied into the deed from Houssels to The Red Store. The evidence to sustain these allegations was clear and undisputed, except as disputed in the deeds themselves. This charge, however, does not submit the issue of mistake, but only the issue as to what was the understanding, agreement, and intention of the parties in inserting the recitals and stipulations in the deeds. Where the consideration expressed is contractual, as in this case, it is not competent to prove the intention of the parties by oral testimony when that intention varies or contradicts the plain terms of the written contract, without showing that these plain terms were inserted by mistake (Kahn v. Kahn, 58 Southwestern Reporter, 825) ; and because the issue of mistake was not submitted in connection with the other portions of the charge the judgment will have to be reversed.

The contract of assumption was legal, and the company have in their cross-action sued upon that, as they are entitled to do. Spann v. Cochran, 63 Texas, 240; Morris v. Gaines, 82 Texas, 255.

We have examined all the other assignments of error and overrule them, as we find no error in them, but because of the errors aforesaid the judgment is reversed, and the cause remanded for a new trial.

*Reversed and remanded.*