HOUSTON BELT & TERMINAL RY. CO. v. WINERICH.

(Court of Civil Appeals of Texas. Austin. Dec. 17, 1913. Rehearing Denied Jan. 28, 1914.)

1. TRIAL (§ 139*)—NONSUIT—JURY QUESTION.

A case cannot be taken from the jury, unless the evidence, viewed most favorably to plaintiff, conclusively shows defendant's nonliability.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341, 365; Dec. Dig. § 139.*]

2. CARRIERS (§ 286*)—CARRIAGE OF PASSENGERS—STATIONS.

One visiting a railroad depot to inquire as to a train on which he desires to become a passenger is an invitee of the railroad company, and it owes him the duty of exercising reasonable care to keep its premises in such condi-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

tion that he will not, while in the exercise of ordinary care, suffer injury in seeking an exit.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1142–1148, 1150–1152; Dec. Dig. § 286.*]

3. CARRIERS (§ 320*)—STATIONS—INJURIES TO PASSENGER—JURY QUESTION.

In an action by one who fell down an elevator shaft in a station of a railroad company, evidence of the company's negligence in maintaining in a dangerous condition what was an apparent exit *held* sufficient to go to the jury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1153; Dec. Dig. § 320.*]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Action by C. H. Winerich against the Houston Belt & Terminal Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Andrews, Ball, & Streetman, of Houston, for appellant. J. V. Meek, J. W. Parker, and C. C. Highsmith, all of Houston, for appellee.

JENKINS, J. This is an appeal from a judgment for damages on account of injuries received by appellee in falling down an elevator shaft, which he mistook for a door, through which exit could be made from appellant's depot building.

Though there are six assignments of error, they all relate to the same point, viz.: The refusal of the court to peremptorily instruct the jury to return a verdict for appellant, as requested in special charge No. 1, asked by it.

[1] 1. The law in such case is well settled, and is that if, under the evidence taken most favorably for the plaintiff, the want of negligence on the part of the defendant, or the contributory negligence of the plaintiff, so clearly appears that the minds of reasonable men, uninfluenced by passion or prejudice, could reach no other conclusion than that the defendant was not guilty of negligence, or, if so, that the plaintiff was guilty of negligence which proximately contributed to his injury, the court should instruct a verdict for the defendant; otherwise such charge should not be given. Lee v. Railway Co., 89 Tex. 588, 36 S. W. 63; Railway Co. v. Hill, 71 Tex. 459, 9 S. W. 351; Traction Co. v. Levyson, 52 Tex. Civ. App. 122, 113 S. W. 572; Freeman v. Kennerly, 151 S. W. 581; Choate v. Railway Co., 90 Tex. 85, 86, 36 S. W. 247, 37 S. W. 319.

[2] 2. Appellee testified that at the time of the injury he had gone to appellant's depot to inquire of its ticket agent as to the running of a train on which he desired to become a passenger. If so, he was there by the invitation of appellant, and the appellant owed him the duty of exercising reasonable care to keep its premises in such condition as that he would not, in the exercise of ordinary care, suffer injury while seeking an exit from the building. Railway Co. v. Matzdorf, 102 Tex. 44, 112 S. W. 1036, 20 L. R. A. (N. S.) 833, 132 Am. St. Rep. 849; Street on Personal Injuries in Texas, § 104; Loan Agency v. Fleming, 18 Tex. Civ. App. 668, 46 S. W. 66.

[3] 3. Appellant insists that the doctrine as to the duty of an owner of a building to keep the same in proper condition, so that those invited there may not be injured, is not applicable to this case, for the reason that the undisputed facts show that the room in which the elevator was situated was not intended for or used by the public, but was for the exclusive use of the employés of the appellant. Appellee testified that there was no obstruction between this room and the lobby or public waiting room of appellant's depot, in which the ticket office was situated; that he thought through this room was one of the ways of exit from the lobby; and that this room was not sufficiently lighted for him to discover that the entrance to the elevator was not a door, through which there was an exit from the lobby or passenger waiting room, and that there was a plank across the elevator, which he mistook for tiling. If this be true, it was sufficient to raise the issue as to whether the appellant was guilty of negligence in maintaining in a dangerous condition what was an apparent exit, or, at least, what a person in the exercise of ordinary care might reasonably have mistaken for an exit from its public lobby.

4. Every case as to negligence vel non or contributory negligence must rest upon its own facts; hence no useful purpose would be served by a statement and discussion of the evidence in this case. Suffice it to say that we find from a careful examination of the record that the evidence was sufficient to raise the issues of fact as to the negligence of appellant and as to the contributory negligence of appellee, and therefore the court did not err in refusing to peremptorily instruct a verdict for appellant.

No other issue being raised by appellant's assignments of error, the case should be affirmed, and it is so ordered.

Affirmed.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes