ALLEN v. FIRST GUARANTY STATE BANK OF PITTSBURG. (No. 1444.)

(Court of Civil Appeals of Texas. Texarkana. March 25, 1915.)

USURY ⬤⇒100—PENALTY—NECESSITY OF PAYMENT OF INTEREST.

Where the face of a note exacting usurious interest was not fully paid, and all payments made thereon were applied on the principal, there can be no recovery under the statute providing for a recovery by the party who "pays" usurious interest of double the amount so paid.

[Ed. Note.—For other cases, see Usury, Cent. Dig. §§ 219–234; Dec. Dig. ⬤⇒100.]

Appeal from Camp County Court; J. M. Burford, Special Judge.

Action by M. L. Allen against First Guaranty State Bank of Pittsburg. From a judgment for defendant, plaintiff appeals. Affirmed.

J. D. Bass, of Pittsburg, for appellant. W. R. Heath and C. G. Engledow, both of Pittsburg, for appellee.

HODGES, J. The appellant, as plaintiff in the court below, instituted this suit against the appellee to recover the sum of $246 as a penalty for the unlawful collection of $123 in usurious interest. From a judgment in favor of the appellee, this appeal is prosecuted.

After a trial before the court the following are, in substance, the facts found as a predicate for the judgment rendered: On April 18, 1911, the appellant procured from the appellee the loan of $1,930, for which he gave his note for $2,000, payable on the 31st day of July following, with interest at the rate of 10 per cent. per annum from maturity, and the usual attorney's fees. The note was not

paid at maturity, but was allowed to run until the following October 24th, several payments having been made in the meantime, which reduced the note to $1,535, including the accumulated interest. About October 24th the bank collected the sum of $82 on a collateral note which had been deposited by the appellant as security for his note. Thirty-five dollars of that sum were applied as interest by the bank, and the balance credited on the principal. It appears that an extension of time was then granted, until the following November 24th. Upon the failure of payment on that date, suit was instituted and a judgment recovered against the appellant and one of his sureties for the full amount of the balance due upon the note, which, it appears, had in the meantime been reduced. It appears that $123 at that time represented the accumulated interest. The court also finds that the $35 which had theretofore been applied by the bank to the payment of interest on the note without the knowledge and consent of the appellant was in the judgment credited as a payment on the principal. The court further finds that the appellant never in fact paid any sums which had been applied as interest.

It is conceded by the appellant that these findings of fact are correct, his contention being that upon them a judgment should have been rendered in his favor. The statute upon which this suit is based provides for a recovery by the party who pays usurious interest of double the amount so paid, and can only be invoked where the usurious interest has actually been paid. The evidence in this case shows that the appellant had contracted to pay such interest. Had he paid all that was due upon the face of his note, he would have paid usurious interest; but it is clear that he had never in fact paid any interest. For that reason, we think the court was clearly correct in the judgment rendered, and it is accordingly affirmed.