BOWMAN v. BAILEY et al. (No. 7964.)

(Court of Civil Appeals of Texas. Dallas. May 4, 1918. Rehearing Denied June 1, 1918.)

1. USURY ⊚⟲100(2) — PAYMENTS — APPLICATION.

Where notes, on their face, do not show usury, and there is nothing to show that any payment was made on usurious interest, the payments will be applied to the principal, and not to the usury.

2. USURY ⊚⟲139 — PENALTY — NECESSITY OF PAYMENT OF INTEREST.

Where the amount received by borrower for notes not showing usury on their face had not

been paid in full, and there was nothing to show that payments made were made on usurious interest, there could be no recovery of double the amount of usurious interest paid, as provided by Rev. St. 1911, art. 4982.

3. USURY ⬥129 — CLAIM FOR PENALTY — ASSIGNMENT.

Where, at time claim for usury was assigned, the maker assignor had not paid any amount as interest on the notes, and the amount paid did not exceed the amount received from payee, lender, the assignment amounted to nothing, since no claim for usury existed.

4. USURY ⬥130 — PARTIES ENTITLED TO PLEAD—PURCHASERS.

Plaintiff, who purchased the automobile mortgaged to secure notes and assumed the notes, is in no position to plead usury, since his liability arises from assumption of notes.

Error from Dallas County Court; T. A. Work, Judge.

Action by Charles E. Bowman against J. W. Bailey and others. Directed verdict for defendants, and plaintiff brings error. Judgment affirmed.

Geo. Clifton Edwards, J. L. Goggans, and Albert Walker, all of Dallas, for plaintiff in error. Israel Dreeben, of Dallas, for defendants in error.

RAINEY, C. J. We adopt the statement of the case from defendants in error's brief as follows:

"Plaintiff in error, plaintiff below, on the 19th day of February, 1916, filed this suit in the county court of Dallas county, at law, Dallas county, Tex. He sues, for himself and as the assignee and legal representative of G. C. Wood, the defendants in error, J. W. Bailey, Charles Mott, N. E. Harper, and B. L. Walkup, both as individuals and as a partnership under the name Dallas Loan Company, for twice $70.15, alleged to have been paid defendants in error as usurious interest by G. C. Wood, and which claim for penalty amounting to $140.30 is alleged to have been transferred by said Wood to plaintiff in error, and for $140, double the amount of usurious interest plaintiff in error alleges he personally paid defendants in error. Plaintiff in error asks for cancellation of certain notes, and a chattel mortgage against a Ford car, and for judgment for $280.30, penalty for the payment of usurious interest. By trial amendment, filed October 10, 1916, plaintiff in error pleads, in lieu of written assignment alleged in his original petition, an oral assignment of date February 10, 1916, and a written assignment, the same as set up in his original petition. Defendants in error answered the original petition March 6, 1916, by general demurrer and general denial, by amended answer, setting up various exceptions, general denial, plea of no partnership, and cross-action on the notes sought to be canceled by plaintiff in error, for the balance due; also sworn denial of partnership. To plaintiff in error's trial amendment, defendants in error filed general and special exceptions, general denial, and that the transfer of cause of action was fraudulent and without consideration. The case was tried October 11, 1916, before a jury. After all the evidence was in, the court, at the request of defendants in error, peremptorily instructed the jury for defendants in error as per charge requested, and the jury returned a verdict accordingly for defendants in error for the sum of $110, etc., and foreclosure of mortgage on the Ford car."

G. C. Wood borrowed from N. E. Harper on September 29, 1915, $100, and executed his promissory note to said Harper for $130, and 10 per cent. interest, payable in twelve equal weekly installments, and to secure same executed a mortgage on a Ford automobile. Subsequently, October 22, 1915, Wood borrowed $37.30, and executed his note for $47.30, secured by the same mortgage on the Ford car. The $130 note bears this indorsement: "Without recourse. N. E. Harper"—and credits aggregating $52.55. The evidence shows that $90 was paid on said notes, but there is no evidence stating that said amount was paid as interest. Then Wood sold the automobile to Bowman, and also assigned to him his (Wood's) claim for usury paid, and Bowman assumed the payment of the two said notes and the mortgage securing the same. It is assigned that the court erred in giving a peremptory charge to find a verdict in favor of defendants in error.

The proposition is urged that:

"Plaintiff, having introduced evidence to support a verdict in his favor, was entitled to have the issues submitted to the jury, no matter how strong the contradictory evidence might be. In determining this question the evidence must be considered in its most favorable light for plaintiff in error, disregarding conflicts and contradictions; they raised the issue of credibility, which was a question for the jury."

[1] The evidence fails to show that any payment was made on usurious interest. The notes on their face do not show usury. At the time the notes were assigned to plaintiff in error there had not been paid on the notes more than $90, and the evidence shows that the borrower had received $137.50 in cash, leaving due on the notes $130, and no witness testified as to what was paid as interest. Payments thus made will be applied by the law to the principal, and not to usury, if there be any in the contract.

[2] Under the facts as established the plaintiff in error was not entitled to recover double the amount paid as usury, but only entitled to have said amount so paid credited on the principal of the note, and the court was justified in instructing the jury to find a verdict for defendants in error against plaintiff in error. On the question of usury, article 4982 provides, in effect, that when usurious interest is received and collected double that amount can be recovered as a penalty, but as none was shown to have been received and collected, the plaintiff in error was not entitled to recover. Clayton v. Ingram, 107 S. W. 880; Rosetti v. Lozano, 96 Tex. 57, 70 S. W. 204; Long v. Moore, 59 Tex. Civ. App. 579, 126 S. W. 345; Allen v. Bank, 175 S. W. 485; Stewart v. Briggs, 190 S. W. 221.

[3] At the time the claim for usury was assigned by Wood he had not paid any amount as interest, and the amount paid did not exceed the amount received by Wood in cash from Bailey, and therefore no claim for usu-

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ry existed. Such transfer amounted to nothing, and plaintiff in error is not entitled to recover thereon, as defendants in error had "not received or collected" usury.

[4] Besides, plaintiff in error in purchasing the Ford car from Wood had assumed to pay the notes executed by Wood to Bailey, and he is not in an attitude to plead usury, as his liability arises from the assumption of the notes. Building Ass'n v. Hay, 23 Tex. Civ. App. 98, 56 S. W. 580; Association v. Winans, 24 Tex. Civ. App. 544, 60 S. W. 825; Vaughn v. Association, 36 S. W. 1013; Connor v. O'Donnell, 55 Tex. 167; 39 Cyc. p. 931, IV.

Under the facts in this case, we are of the opinion the court was fully justified in directing a verdict for the defendant in error, and the judgment is affirmed.

