CALDWELL v. COMMERCIAL BANK OF WAYNOKA et al.

No. 9963—Opinion Filed Jan. 4, 1921.

(Syllabus by the Court.)

1. Usury—Defense to Suit on Note—Parties.

M. and M. executed a note on the 4th day of April, 1912, to S. and S. and secured payment of same by a mortgage on real estate. Thereafter, the lands mortgaged were sold by M. and M. to C., who assumed the payment of said mortgage debt. Said note and mortgage were assigned to a bank, who brought suit to recover upon said note and to foreclose said mortgage, and C. sought to offset said note by a plea of usury under section 1, ch. 20, Acts of Special Session 1916, page 24, alleging that said usury was contracted to be paid or paid by M. and M. when said note and mortgage were executed. Held, that said section 1, supra, only applies where the action is between the original parties to the usurious contract, and could not be successfully pleaded by C.

2. Same.

The operation of section 1, ch. 20, Acts of Special Session, 1916, page 24, which authorizes a defendant in an action to foreclose any mortgage or lien given to secure such indebtedness where a greater rate of interest has been paid, reserved, claimed, or received than is provided for in said act, to "plead as a set-off or counter-claim in said action twice the amount of the entire interest collected, re-

served, charged, or received in said transaction or in all such transactions between the same parties," is limited to actions between the defendant who was a party to such usurious transaction, and such set-off or counterclaim cannot be legally interposed in such suit by a defendant who was not a party to such usurious transactions.

Error from District Court, Major County; J. C. Robberts, Judge.

Action by the Commercial Bank of Waynoka against S. J. Caldwell and others upon a promissory note and to foreclose a mortgage given to secure the same. Judgment for plaintiff, and the defendant named brings error. Modified and affirmed.

H. C. Taylor, for plaintiff in error.

Arthur C. Sutton, for defendant in error.

COLLIER, J. This is an action brought by the Commercial Bank of Waynoka, hereinafter styled plaintiff, against S. J. Caldwell et al., hereinafter styled defendants, as assignee, upon a promissory note and for foreclosure of a mortgage securing the same.

The sufficiency of the petition is not questioned.

The defendant S. J. Caldwell was the only one of the several defendants who answered and he pleaded that the note here sued upon and the mortgage sought to be foreclosed were tainted with usury, and prayed that the amount of such usurious interest be ascertained and that double the amount thereof be offset against the amount of the said note. The other defendants, against whom judgment was rendered, with the exception of Lillie B. Foster, who interpleaded in said case, alleging a second mortgage subordinate to the mortgage here sued on, suffered judgment by default.

The uncontradicted evidence is: That on the 4th day of April, 1912, David E. Meeks and his wife executed their nonnegotiable promissory note to W. M. Stark and Ada B. Skilling, for $1,500, due and payable April 1, 1915, bearing interest at the rate of 8 per cent. until due, and after maturity at the rate of 10 per cent. per annum, payable semi-annually, and secured the payment thereof by a mortgage upon the lands described in the mortgage sought to be foreclosed, formerly owned by the said Meeks in Major county, Oklahoma. That the defendant S. J. Caldwell, subsequent to the execution of said mortgage, bought said lands from the said Meeks, and, as a part of the consideration paid for same, assumed the payment of said note and mortgage.

The plaintiff and the defendant S. J. Caldwell (and Lillie B. Foster, who intervened

to protect her rights as the holder of a second mortgage subordinate to the mortgage sought to be foreclosed) waived a jury and consented to try the issues in said cause to the court, and after the introduction of evidence and being fully advised in the premises, the court took said matter under advisement.

At a subsequent day of the court, the court found:

"That each and every material allegation contained in plaintiff's petition is true. That the issues herein, both of law and fact, are in favor of said plaintiff and against the defendants, and each of them."

The court decreed:

"That the said plaintiff have and recover of and from said defendants * * * $1,583.80 debt and $79.45 for taxes, making a total of $1,732.25, together with 10 per cent. interest per annum thereon from November 21, 1917, $150 attorney's fees, and the costs of this action."

That the lien of said plaintiff's said mortgage be foreclosed, and the said property sold without appraisement any time after the expiration of six months from the date of the decree, and the proceeds therefrom applied:

"First: To the payment of the costs hereof.

"Second: To the amount due the said plaintiff, interest thereon and the attorney's fees.

"Third: To the delinquent taxes on and against the said land, to the redemption of any tax sales thereon.

"Fourth: That the residue, if any, up to and including $500 together with 8 per cent. interest per annum thereon from September 20, 1913, to September 20, 1918, be impounded and held by the clerk of this court until the 20th day of September, 1918, and then paid to the said defendant, Lillie B. Foster.

"Fifth: And that the residue over and above that sum be paid into court for further distribution."

To the rendition of said decree, S. J. Caldwell and wife duly excepted.

Timely motion for a new trial was made by defendant S. J. Caldwell, which was overruled, exceptions saved, and notice given in open court of his intention to appeal to the Supreme Court, and this appeal perfected.

It is insisted by the defendant S. J. Caldwell that, though he was not a party to the note and mortgage here sued on, which said note and mortgage he assumed to pay as part of the consideration for the land described in said mortgage which he purchased from the mortgagor—the Meeks—he is entitled to set off and counterclaim in this action

against said note and mortgage twice the amount of the usury included in said note and mortgage, and he relies upon section 1, ch. 20, Acts of Special Session 1916, page 24, as fully sustaining his said insistence, which said section 1, supra, reads as follows:

"The taking, receiving, reserving or charging a greater rate of interest than is provided by the preceding section shall be deemed a forfeiture of twice the amount of interest which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid thereon. In case a greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover from the person, firm or corporation taking or receiving the same in an action in the nature of an action of debt twice the amount of the entire interest paid; provided, that such action shall be brought within two years after the maturity of such usurious contract; provided, further, that when any suit is brought upon any note, bill or other evidence of indebtedness or to foreclose any mortgage or lien given to secure such indebtedness when a greater rate of interest has been collected, reserved, charged or received than is provided for in this act, the defendant, or his legal representative, may plead as a set off or counterclaim in said action twice the amount of the entire interest collected, reserved, charged or received in said transaction, or in all such transactions between the same parties."

We are of the opinion that, as the record in this case shows if usurious interest was contracted for or paid or included in said note and mortgage, it was contracted for or paid by the Meeks, and not by the plaintiff, and under section 1, ch. 20, Acts of Special Session 1916, p. 24, the defendant cannot set off or counterclaim any usury that may have been contracted for or paid by the Meeks, as this section evidently provides that the amount of usury which may be pleaded as a set-off or counterclaim must be contracted for or paid by the original defendant, hence, the defendant cannot set off or counterclaim any usurious interest that may be embraced in said note and mortgage executed by the Meeks, and to which he was in no wise a party.

The defendant, having assumed the payment of said note and mortgage as a part of the consideration for the said land, is estopped from asserting a claim of usury in the said debt assumed.

"Where property is conveyed to one and as a part of the consideration therefor he assumes and agrees to pay a debt secured by a mortgage lien upon the property thus purchased by him, he is estopped from asserting a claim of usury in the debt thus assumed." Midland Savings & Loan Co. v. Sheil et al., 57 Okla. 338, 157 Pac. 80.

In said Midland Savings & Loan Co. v. Sheil, it is said:

"Under our view of the law in this case the position of the defendant in error is not tenable, for the reason that * * * having assumed said obligation and having agreed to pay the same as a part of the consideration for the property, he is not in a position to deny the obligation or to repudiate its payment."

In Midland Savings & Loan Co. v. Neighbor et al., 54 Okla. 626, 154 Pac. 506, it is held:

"One who purchases real property expressly subject to a mortgage thereon is, in an action to foreclose the same, precluded from asserting the invalidity of such mortgage and defending against it on the ground that it is not fully enforceable against his grantor."

We reiterate that section 1, ch. 20, Acts of Special Session 1916, p. 24, applies alone as between the original parties to a usurious contract or the payment of usury, and does not apply as to the parties who were not parties to such usurious contract.

We are of the opinion that the court did not err in overruling the motion for a new trial and in the decree rendered, except as to the amount thereof, as it appears from the record that a clerical error occurred in calculating the amount of the judgment, and in consequence thereof the amount of the judgment is excessive in the sum of $69. The judgment is modified by entering thereon a credit of $69, and the judgment as so modified is affirmed.

All the Justices concur, except RAINEY, C. J., and PITCHFORD and BAILEY, JJ., absent.