### FRAZIER v. COOMBS. (No. 7014.)

(Court of Civil Appeals of Texas. San Antonio. May 2, 1923. Rehearing Denied May 16, 1923.)

Appeal and error ⬤⟱1127—Judgment cannot be affirmed on certificate, in absence of showing that original jurisdiction of subject-matter was in county court.

Where a certificate showed that a judgment for $180 had been recovered against appellant in a county court, and that notice of appeal had been given, an appeal bond duly filed, but appellant failed to file a transcript of the record within the time permitted by law, there was no showing that the suit was for an amount over $200 and so within the original jurisdiction of the county court, and, in absence of such showing of original jurisdiction, the judgment cannot be affirmed on certificate.

Appeal from Dimmitt County Court; Wm. H. Davis, Judge.

Action by Mrs. Ida Coombs against Berd T. Frazier. From judgment for plaintiff, defendant appeals. Plaintiff's motion to affirm judgment on certificate refused. ,

See, also, 236 S. W. 773.

Wm. H. Russell, of San Antonio, and G. C. Jackson, of Crystal City, for appellant.

Vandervoort & Johnson, of Carrizo Springs, for appellee.

FLY, C. J. Appellee seeks to affirm the judgment in this case on certificate. The certificate shows that on October 25, 1922, appellee recovered a judgment against appellant for $180 in the county court, and that notice of appeal was given and appeal bond duly filed, but appellant failed to file a transcript of the record in this court within the time permitted by law. Every requirement is complied with except to show the jurisdic-

tion of the county court over the subject-matter. There is nothing to indicate whether the suit was filed in the county court for a sum within its original jurisdiction or that it was originally instituted in the justice's court and appealed to the county court. Under several decisions directly in point the judgment cannot be affirmed on certificate unless jurisdiction of the subject-matter is affirmatively shown to have rested in the county court. House v. Williams, 40 Tex. 351; Ray v. Railway, 18 Tex. Civ. App. 665, 45 S. W. 479; Merrick v. Rogers (Tex. Civ. App.) 46 S. W. 370; Gregory v. Railway, 20 Tex. Civ. App. 272, 48 S. W. 888; Sloan v. McMillin (Tex. Civ. App.) 113 S. W. 587; Bird v. Lester (Tex. Civ. App.) 163 S. W. 658. As said in the case of Sloan v. McMillin:

"In order to confer jurisdiction on the appellate court, to grant such affirmance, it must appear from the transcript that the appellate court had jurisdiction. As the jurisdiction of this court is limited to cases of which the trial court has jurisdiction, it has been repeatedly held that, in order to confer jurisdiction upon this court, the transcript must show that the court below had jurisdiction. In making application of that rule it has been held that when the judgment of the trial court is for a sum of money below the original jurisdiction" ;

of the county court, which is for sums in excess of $200, and this judgment is for $180. There is nothing in the certificate to indicate that the suit was for a sum in excess of $200, or that it was appealed from the justice's court.

The motion to affirm the judgment on the certificate will not be granted.