### HANEY et al. v. TEMPLE TRUST CO.
### No. 7806.

Court of Civil Appeals of Texas. Austin.
Nov. 30, 1932.

Rehearing Granted in Part and in Part Overruled Dec. 21, 1932.

See, also, 55 S.W.(2d) 895.

Dibrell & Starnes, of Coleman, for appellants.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellee.

McCLENDON, C. J.

This cause is companion to cause No. 7804 (Tex. Civ. App.) 55 S.W.(2d) 891, this day decided; with these differences:

The notes here sued on and sought to be canceled by reason of alleged usurious interest were executed by Moore who later conveyed the land encumbered by the trust deed lien to Haney, by deed containing the following clause: "And the further consideration that the said W. E. Haney hereby assumes and agrees to pay off and discharge the indebtedness held against the hereinafter described property by Temple Trust Company, said indebtedness being in the principal sum of $2,000.00 and for a full description of said indebtedness reference is here made to the deed of trust records of Coleman County, Texas, and same is made part hereof."

Appellee contends that the defense of usury is not available to Haney because of his assumption of the mortgage debt, citing: Bowman v. Bailey (Tex. Civ. App.) 203 S. W. 922 (writ refused); People's Building & Loan Ass'n v. Sellars, 19 Tex. Civ. App. 201, 46 S. W. 370; Southern Home B. & L. Ass'n v. Winans, 24 Tex. Civ. App. 544, 60 S. W. 825; Vaughn v. Mutual Bldg. Ass'n (Tex. Civ. App.) 36 S. W. 1013; North Tex. Bldg. & Loan Ass'n v. Hay, 23 Tex. Civ. App. 98, 56 S. W. 580 (writ refused); Caldwell v. Commercial Bank of Waynoka, 80 Okl. 118, 194 P. 899; 39 Cyc. 998, Note 69, Col. 2.

Appellants contend that the general rule announced by these authorities is not applicable here for two reasons: (1) Because usury appeared upon the face of the instruments evidencing the debt and lien; and (2) because the assumption was only of the legal debt owing, and did not extend to the usurious interest.

In support of this latter proposition, appellants cite: National Loan & Investment Co. v. Stone (Tex. Civ. App.) 46 S. W. 67; 27 R. C. L. 289, § 90, p. 288, § 89, pp. 291, 292, § 92; Maloney v. Eaheart, 81 Tex. 281, 16 S. W. 1030; North Texas Bldg. & L. Ass'n v. Hay, 23 Tex. Civ. App. 98, 56 S. W. 580; Southern Home B. & Loan Ass'n v. Winans, 24 Tex. Civ. App. 544, 60 S. W. 825, 826; Bowman v. Bailey (Tex. Civ. App.) 203 S. W. 922; Johnston v. Lasker Real Estate Ass'n, 2 Tex. Civ. App. 494, 21 S. W. 961; People's Building & Loan Ass'n v. Sellars, 19 Tex. Civ. App. 201, 46 S. W. 370.

In the Winans Case it is held that the general rule invoked by appellee applies where the purchaser of the security, as part of the

consideration, "promised absolutely to pay the full amount of the usurious debt."

In 27 R. C. L., p. 289, it is said: "Before a vendee will be estopped from setting up usury in a mortgage on his property, on the ground that he assumed its payment the assumption must be made clearly to appear. Ambiguous and doubtful statements will not suffice. Thus an agreement by a vendee of real estate to pay the balance on a mortgage existing on the lands he purchased, will be construed to mean what is legally due on the mortgage, and therefore will not cover usurious exactments. Likewise under a stipulation to pay the balance due on the debt, the purchaser is bound to pay only the balance legally due. The same is true of an agreement to pay 'all legal amounts due.'"

■■■ The issue tendered by the wording of the assumption agreement presents, we think, a bona fide justiciable controversy, to determine which the Coleman county court clearly acquired jurisdiction. We do not think there is any substantial difference between questions of law and questions of fact in determining whether one court has acquired jurisdiction of a cause to the exclusion of another. This particular point has not been briefed by either party; and the investigation we have been able to give it has not disclosed any authority bearing directly upon it. But the principles announced in Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063, we think are applicable.

The rule which makes the jurisdiction first acquired exclusive is referred to by Chief Justice Stayton in Texas Trunk Ry. Co. v. Lewis, 81 Tex. 1, 8, 16 S. W. 647, 648, 26 Am. St. Rep. 776, as one of "manifest propriety, if not necessity," and its purpose is stated by the late Chief Justice Key of this court in Phillips v. Phillips, 223 S. W. 243, 244, to be that "of maintaining orderly procedure, and that spirit of comity which should exist between tribunals of equal jurisdiction."

Differences upon question of law could as readily arise between judges of different courts of co-ordinate jurisdiction, as upon other issues. And such differences could produce the same impasse in the administration of justice as was presented in Cleveland v. Ward.

If appellants' suit in Coleman county were predicated upon issues which were frivolous or lacking in bona fides, a different question would be presented.

Without expressing any opinion upon the merits of appellants' above contentions, we hold that the suit at bar was abated by the pendency of the Coleman county suit.

The trial court's judgment is reversed, and the cause is abated and dismissed without prejudice.

Reversed and cause abated and dismissed.

On Appellee's Motion for Rehearing.

For the reasons stated in the opinion on rehearing this day filed in cause No. 7804 (Tex. Civ. App.) 55 S.W.(2d) 891, our former judgment is modified so as hereafter to read:

The trial court's judgment is reversed, and the cause is abated and remanded to the trial court with instructions to retain it suspended upon the docket until the Coleman county suit is determined, and thereupon to proceed in accordance with the final result of that suit. In all other respects the motion for rehearing is overruled.

Granted in part and in part overruled.