## HANEY et al. v. TEMPLE TRUST CO.
### No. 7808.

Court of Civil Appeals of Texas. Austin.
Nov. 30, 1932.

Rehearing Denied Dec. 21, 1932.

Dibrell & Starnes, of Coleman, for appellants.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellee.

McCLENDON, C. J.

This cause is companion to causes Nos. 7804 (Tex. Civ. App.) 55 S.W.(2d) 891, and 7806

(Tex. Civ. App.) 55 S.W.(2d) 894, of the same style this day decided; with these differences:

The notes and trust deed in suit were executed by Haney and wife in favor of the trust company in renewal of notes secured by mechanic's lien originally in favor of Manning and by him indorsed to the trust company. Before any payments were made on the notes Haney and wife conveyed the encumbered property to Ranney who assumed the debt. Thereafter Ranney and wife reconveyed the property to Haney by deed reciting: "The.grantee herein assumes the payment of taxes, and the indebtedness due Temple Trust Company."

The terms of the assumption by Ranney are not shown by the record, and we cannot therefore say that a bona fide justiciable controversy is not presented.

Ranney was not made a party to the Coleman county suit, and appellee urges the nonidentity of parties in the two causes on that account.

Ranney, by virtue of the subsequent assumption by Haney, was only secondarily liable on the notes, and the Coleman county suit might have proceeded to final judgment without making him a party, either plaintiff or defendant. In which event the judgment would be res adjudicata if in his favor but not binding against him. Eastland County v. Davisson (Tex. Com. App.) 13 S.W. (2d) 673. The failure to make Ranney a party would not affect the jurisdiction of the Coleman county court over the subject-matter and over the parties before the court. The right to amend and bring in other interested proper parties inhered in all parties to the suit. These conclusions, we think, necessarily follow from the paraphrased quotations from Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063, in our opinion in cause No. 7804.

The above holdings require a remand of the cause to determine whether the Ranney assumption presents a bona fide justiciable controversy.

The cause would have to be reversed in any event upon the pleadings. The judgment awarded recovery for the entire unpaid balance of all the notes, amounting to $2,448.20, whereas the prayer of plaintiff's petition asked for judgment upon only three specified items aggregating $333. See Texas Power Corpn. v. Kuehler (Tex. Com. App.) 52 S.W. (2d) 76.

The trial court's judgment is reversed and the cause remanded.

Reversed and remanded.