**Mattie FARRIS, Appellant,**

v.

**J. E. MAISEN et al., Appellees.**

**No. 7266.**

Court of Civil Appeals of Texas.

Amarillo.

June 3, 1963.

Brock, Wright, Waters & Galey, Lubbock, for appellant.

Leo S. Hay, Lubbock, for appellees.

DENTON, Chief Justice.

This is a usury case. The suit was brought by Mattie Farris, appellant, against J. E. Maisen and McFarland-Maisen Mortgage Company, Inc., to cancel a deed of trust and mortgage on property owned by the appellant upon the ground the consideration was usurious. Appellant further alleged damages and sought recovery of overpayment of the debt. Appellees filed a cross-action for the principal and interest due on the note and for foreclosure of their lien. The case was tried before a jury, but at the close of the plaintiff's evidence, the trial court instructed a verdict against appellant and rendered judgment foreclosing the deed of trust and awarding appellees recovery of $8,337.77.

The installment note and deed of trust which forms the basis of this suit were dat-

ed February 1, 1960, in the principal sum of $8,039.60, and bore interest at the rate of ten per cent per annum. Although the note does not specifically so state, it is undisputed the note was given in renewal and extension of other notes and deeds of trust previously executed by appellant in favor of appellees. This indebtedness covered several transactions between the parties over a period of years from 1949 until the note of February, 1960, was executed. The latter note and deed of trust were executed for the purpose of bringing the account up to date and to consolidate all past-due principal and interest into a current note and deed of trust.

Appellant's first point of error complains of the trial court excluding evidence which was offered to show the deed of trust was based upon usurious interest. Appellant offered into evidence photostatic copies of the ledger sheets maintained by the appellees for the years 1949 through 1959. These ledger sheets contained the complete record of the transactions had between the parties, that is: the advancements made by the appellees to the appellant, payments made by appellant, the computation of interest, and the balances owed by appellant. The trial court refused to permit the ledger sheets to be introduced into evidence, but they are before this Court by bill of exception. At the trial appellees objected to the introduction of these ledger sheets on the ground no predicate had been laid, and on the further ground no "infirmity" in the deed of trust and note had been shown.

It is our opinion that although the note and deed of trust appear regular on their face, the ledger sheets were admissible and were proper evidence for the jury's consideration. The issue of usury is generally one of fact, and where the note does not show usury upon its face, the question is one for the jury. Ware v. Wright, (Tex.Civ.App.), 266 S.W.2d 188; Southwestern Inv. Co. v. Green, (Tex.Civ.App.), 19 S.W.2d 102; 42 Tex.Jur., Section 88, page 988. In effect, appellant pleaded the note and deed of trust were usurious in that more than ten per cent per annum interest was charg-

ed and demanded by appellees, and that appellant was being charged with sums she did not owe. These allegations could not be proved by the note and deed of trust alone. In Southern Home Building & Loan Ass'n v. Winans, 24 Tex.Civ.App. 544, 60 S.W. 825, the court held as follows:

"Under the plea of usury, like under the plea of fraud, accident, or mistake, the real transaction may be proved by oral evidence, notwithstanding it varies, contradicts, or even destroys the written contract; and this is too well settled to require the citation of authorities. If the rule were otherwise, the cunning devices and schemes of the usurer could never be exposed, and the law against his grasping avarice would remain a dead letter upon our statute books."

See also Interstate Savings & Trust Co. v. Hornsby, (Tex.Civ.App.), 146 S.W. 960, (Writ Dismissed); and General Southwestern Corporation v. State of Texas, (Tex.Civ.App.), 333 S.W.2d 164, (Refused, NRE); National Bond & Investment Company v. Atkinson, (Tex.Civ.App.), 254 S.W. 2d 885, (Error Dismissed). Stated in another way, the court in Peightal v. Cotton States Bldg. Co., 25 Tex.Civ.App. 390, 61 S.W. 428, used the following language:

"And we understand the law to be firmly settled that any evidence surrounding and so connected with a transaction as will throw light upon it, and disclose, or tend reasonably to show, its true character, is admissible upon the issue of usury, although the contract is in writing, and appears upon its face fair and legal."

In our opinion the ledger sheets were clearly admissible upon the issue of usury. Even though the note called for a legal rate of interest, the method and manner of calculating the interest went to the very crux of appellant's cause of action. Whether or not usurious rate of interest was charged can be determined only by the actual calculations made. This in turn can be

determined only by the ledger sheets which show these calculations. It is quite obvious from this record that appellant was delinquent in discharging her obligation under the notes and deeds of trust. However, that question is not material here in disposing of this first point of error. We cannot require appellant to assume her burden of proving usurious interest and at the same time exclude material evidence offered for the purpose of showing how the holder of the note calculated the interest thereon. In our opinion the exclusion of the ledger sheets was contrary to the settled rule of this state. We conclude the trial court erred in refusing to admit this evidence and in peremptorily instructing the jury to find for defendant. In view of this holding, we deem it unnecessary to pass on the remaining points of error.

The judgment of the trial court is accordingly reversed and the cause is remanded.

Reversed and remanded.