### MARTIN et al. v. TEMPLE TRUST CO.

Motion No. 7524; No. 7826.

Court of Civil Appeals of Texas. Austin.

April 19, 1933.

Rehearing Denied Jan. 17, 1934.

Dibrell & Starnes, of Coleman, for appellants.

J. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellee.

BAUGH, Justice.

This suit involves the same character of transaction as that involved in the case of M. L. Walker et al. v. Temple Trust Co. (Tex. Civ. App.) 60 S.W.(2d) 826, this day decided,

except as to parties, amounts, and due dates. In this case the loan was made to J. M. Martin in April, 1927. In January, 1929, Martin and wife sold and conveyed the land involved to J. H. Shannon, who, as part consideration therefor, assumed the payment of the unmatured portion of said loan; and in March, 1929, Shannon sold and conveyed the land to M. L. Walker, who as part consideration therefor assumed the payment of the unmatured portion of the principal of said loan recited to be $3,250, with interest thereon provided for in said notes from November 1, 1928. This suit is against Martin and Walker for the balance due on said notes and for foreclosure of the deed of trust liens securing their payment, with remission and cancellation of all future unearned interest both on the principal notes and on the interest note.

The judgment, for the reasons stated in the Walker Case, is affirmed on the ground that the loan should not be construed as usurious in any event. And, even if it should be so construed, the appellant Walker could not recover what he had paid thereunder, because he expressly assumed the payment of a stipulated amount named in the conveyance to him, thereby precluding any right in him to assert usury, if any, in the original loan. See Jesse F. Moore v. Temple Trust Co. (Tex. Civ. App.) 60 S.W.(2d) 828, this day decided, and authorities there cited.

For the reasons stated in the above-cited cases, the judgment of the trial court is affirmed.

On Motion for Rehearing.

In our original opinion herein we affirmed the judgment of the trial court upon two grounds: (1) That the loan involved, which was similar to that involved in Walker v. Temple Trust Company (Tex. Civ. App.) 60 S.W.(2d) 826, was not usurious; and (2) because Walker, who purchased the property and assumed the debt against it by a new contract in a stipulated amount, could not, after having done so, assert the usury, if any, in the original transaction; the latter holding being based on our conclusions announced in Moore v. Temple Trust Company (Tex. Civ. App.) 60 S.W.(2d) 828, 829.

Applications for writs of error were made in both of the above cases. The Supreme Court granted a writ in the Walker Case, but refused a writ in the Moore Case. In view of these circumstances, therefore, we base our affirmance of this case upon the grounds stated in Moore v. Temple Trust Company, supra, and not as stated in our original opinion, upon the grounds set forth in Walker v. Temple Trust Company, supra. Based upon our second ground stated in the original opinion rendered herein, therefore, appellants' motion for rehearing is overruled.

Overruled.