### WALKER et al. v. TEMPLE TRUST CO.
### No. 7825.

Court of Civil Appeals of Texas. Austin.

April 19, 1933.

Rehearing Denied May 24, 1933.

Dibrell & Starnes, of Coleman, for appellants.

J. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellee.

BAUGH, Justice.

The Temple Trust Company sued Walker for a balance due on a series of notes executed by him to it evidencing a loan made March 31, 1928, and for foreclosure of deeds of trust on lands in Coleman county, executed by appellants to secure payment of said notes. The appellants defended on the ground that the loan was usurious, and prayed for relief accordingly. At the close of the evidence, the trial court instructed a verdict in favor of appellee and against appellants for the amount sued for; hence this appeal.

The sole question presented is whether the transaction as evidenced by the notes and the first and second deeds of trust was usurious as a matter of law. The facts are undisputed, and show the following:

On March 31, 1928, the Temple Trust Company lent Walker $2,000. The latter executed the following notes: Six for the sum of $200 each, due April 1, 1929, 1930, 1931, 1932, 1933, and 1934, respectively, and one for $800, due April 1, 1938, all bearing interest from date at the rate of 7 per cent., interest payable semiannually on April 1st and October 1st of each year, with interest coupons attached, secured by a first deed of trust on the Coleman county lands. Notes 5 and 6 also gave Walker the option of paying said loan in full; and note No. 7 the option to pay any multiple of $200 on the principal debt at any interest paying date after April 1, 1932, by giving the Temple Trust Company thirty days' written notice in advance. These notes also provided that in case Walker exercised his option to pay same in advance of maturity, all subsequently maturing interest coupons should become null and void. This provision, however, was not necessary to prevent collection of unearned interest on principal that had been paid, because payment of principal, as a matter of law, makes uncollectible future unearned interest thereon, even though such unearned interest be evidenced by separate notes therefor, there being no question of innocent purchase by third parties involved. Hughes v. Bryson (Tex. Civ. App.) 29 S.W.(2d) 898. The coupons representing unearned interest, in case the principal were paid by Walker under his option, or matured by the Temple Trust Company under its option, were uncollectible by the lender in any event.

In addition to the foregoing notes, interest coupons, and first deed of trust, Walker and wife also executed an additional interest note on said principal debt of $2,000, secured by a second deed of trust on the same land, in the sum of $258, payable to the Temple Trust Company, as follows: $30 on October 1, 1928, and April 1, 1929; $27 on October 1, 1929, and April 1, 1930; $24 on October 1, 1930, and April 1, 1931; $21 on October 1, 1931, and April 1, 1932; $6 on October 1, 1932, and April 1, 1933; $5 on October 1, 1933, and April 1, 1934; and $4 each six months thereafter to April 1, 1938. This note contained the following provision:

"This note is given for a part of the interest on a loan made to the undersigned by

Temple Trust Company of Two Thousand & 00/100 Dollars due April 1, 1929, 30, 31, 32, 33, 34 and 1938, and in case the maker hereof exercises the option of paying said loan or any part thereof before maturity as provided in the bonds evidencing said loan, then this note shall be proportionately reduced."

The second deed of trust securing its payment contained a similar provision.

Had all of said obligations of Walker been paid by him according to their terms, without exercise of his option to pay principal in advance of maturity or without default, he would have paid on the unpaid principal during the first four years of his loan, interest at the rate of 10 per cent., which included the interest coupons attached to the principal notes, or bonds, plus the installments as they became due on the $258 interest note secured by the second deed of trust; and during the remaining six years he would have paid interest at 8 per cent. per annum on the unpaid principal. Clearly this would not have been usurious. Had he exercised his option on April 1, 1932, to pay all of the principal notes then remaining unpaid, his payment thereof would, under the provisions of the separate installment interest note itself, have made null and void and uncollectible the subsequently accruing installments of that note. This provision of said note, if taken alone, would clearly negative any intention or power on the part of the Temple Trust Company to collect more than 10 per cent. per annum for the use or detention of the principal loan by Walker.

There is no contention that the series of seven principal notes, interest coupons, and deed of trust are in themselves usurious under the accelerating maturity clauses thereof or otherwise, if taken alone. If, therefore, the loan made to Walker is usurious at all, it is made so only by the provisions of the second deed of trust securing the installment interest note. It is not controverted that all of the notes and deeds of trust executed represent but a single transaction; nor can it be questioned we think that the installments of the $258 note merely represent interest due on the principal notes in addition to the interest coupons attached to same, and that this additional interest was due on the dates specified at which such installments were to be paid. Both deeds of trust contained provisions for accelerated maturity of the whole debt in the event of default by the maker in the performance of the obligations imposed upon him by said instruments.

The provisions of the second deed of trust in these respects were: " * * * But if default should be made in the payment of any of the instalments on the note above described for $258.00 or of the notes or bonds secured by the first mortgage aforesaid, or if default should be made in the compliance with any of the terms or conditions of said first mortgage, which are hereby adopted and made a part of this instrument, then the whole sum of money hereby secured being the unpaid balance of said note for $258.00 shall become due and payable at the election of the holder thereof."

Then follows provision for foreclosure at the option of the Temple Trust Company, sale of the property, and application of the proceeds first to expenses of sale; second, "to the payment and satisfaction of said note for $258.00 hereby secured," etc.

The provisions of the second deed of trust taken alone and without reference to the terms of the note itself indicate an intention on the part of appellee to mature and collect all of said $258 in case of default by Walker. If it had the power to do so, and such was clearly its intention, the exercise of that power under the facts of this case would enable it to collect more than 10 per cent. interest for the use of the money lent during the time Walker had it, and bring this contract under the condemnation made of such contracts in Shropshire v. Com. Farm Credit Co., 120 Tex. 400, 30 S.W.(2d) 282, 39 S.W.(2d) 11, and the Deming Inv. Co. v. Giddens, 120 Tex. 9, 30 S.W.(2d) 287. But was such the clear intention of the lender? We think not. This note was clearly nothing but a note for interest subsequently to accrue on the principal loan, in the amounts and at the times stipulated as installments. This was clearly recognized and intended by the Temple Trust Company in the provision in the note itself, in effect that if the principal be paid in full by Walker before maturity, the remainder of the installments on this note would become null and void. This was not the exact language used, but such was the effect of it. The first deed of trust provided that subsequently maturing interest coupon notes, attached to the principal notes, in case Walker paid in advance or if he defaulted, should become null and void. Consequently, we think the installments of interest stipulated in the $258 note should be construed as in the same category with the interest coupon notes; and that when the principal debt was matured, either at the option of the maker by paying in advance or of the holder upon the maker's default, the notes and deeds of trust, when considered together as one transaction disclose an intention on the part of the Temple Trust Company to collect interest only up to the time of the payment of the principal at the rate provided which did not in any one year exceed 10 per cent. Clearly the security was only for the amount of the debt which was legally due under the terms of the note; and the language of the second deed of trust, "being the unpaid balance of said note for $258.-

00," should be liberally construed to include only the unpaid balance of interest installments which had accrued; and not those which would subsequently accrue.

The provision that all unearned interest installments should be canceled should Walker pay the principal before maturity negatives any intention on the part of the Temple Trust Company to collect usurious interest in that event. In case of default by Walker, the Temple Trust Company, after exercise of its option to mature the remaining principal, expressly renounced any intention or right to collect unearned interest coupons. And though the language of the second deed of trust might, if strictly construed, indicate a contrary intention with reference to the installment interest note, when considered as a part of the entire transaction and in the light of the terms of the note itself, we think a similar intent should be held to apply to the installment interest note. To say that the Temple Trust Company intended, as it expressly provided, to remit unearned interest in case Walker paid principal in advance of maturity; but that it would demand a part of the earned interest (that evidenced by the balance due on the installment note) and remit the rest (that evidenced by the interest coupon notes), in case Walker should default and it should exercise its option to accelerate maturity of the remaining principal notes, would, we think, be an unreasonable construction of the entire transaction.

█ Such a construction of the contract would render it illegal. At most it is open to doubt. The construction placed upon it by the appellee is that it was not entitled to collect the unearned installments of the $258 note. It sued only for the interest installments on that note which had accrued and sought no judgment for future installments. We think its construction of its contract is reasonable and removes the taint of usury. That of appellant renders the contract usurious. Under such circumstances we should adopt such construction of the contract as renders it legal if same can reasonably be done. The language of the contract, taken as a whole is, we think, fairly susceptible of that construction. Dugan v. Lewis, 79 Tex. 246, 14 S. W. 1024, 12 L. R. A. 93, 23 Am. St. Rep. 332; Galveston & H. Inv. Co. v. Grymes, 94 Tex. 613, 63 S. W. 860, 64 S. W. 778; Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W.(2d) 282, 39 S.W.(2d) 11.

This conclusion renders unnecessary a discussion of the other issues presented which appellee contends remove the taint of usury from the transaction. The judgment of the trial court is therefore affirmed.

Affirmed.

## On Motion for Rehearing.

PER CURIAM.
Rehearing denied.

McCLENDON, Chief Justice (dissenting).
While fully concurring in the general principles announced in the majority opinion, I am unable to concur in their application to the effect that the quoted provision in the second trust deed is in any degree modified or rendered uncertain or ambiguous by the provisions in the notes abating unearned interest in case of accelerated payment by the maker. The two provisions by their express terms relate to distinctly different contingencies, the former (second trust deed provision) to exercise of option by payee upon default by the maker; the latter (note provisions) to exercise of option by maker to pay before maturity. The $258 note was for interest only, the entire unpaid balance of which the payee was given the option to declare due and payable in event of the stated default. This provision would be meaningless and rendered entirely nugatory by reading into it a wholly unexpressed intention to collect only that portion of the note which represented unearned interest.