## MOORE et ux. v. TEMPLE TRUST CO.
### No. 7824.

Court of Civil Appeals of Texas. Austin.
April 19, 1933.

Rehearing Denied May 24, 1933.

Dibrell & Starnes, of Coleman, for appellants.

J. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellee.

**BAUGH, Justice.**

This appeal is from a judgment of the district court of Bell county in favor of appellee against appellants, for the balance due on a note for $1,800, dated March 28, 1931, payable in 125 monthly installments; and for foreclosure of a deed of trust lien executed by appellants on lands in Coleman county, Tex., to secure the payment of said note. The note sued upon was given in renewal and extension of a balance due on a loan of $2,250 made in September, 1926, by appellee to J. R. Moore, and secured by a deed of trust on the same property.

In their answer to this suit the appellants alleged in substance that the note sued upon was usurious because the original loan made to J. R. Moore by appellee, and the contracts evidencing it, showed to be usurious as a matter of law; that these appellants in purchasing said property assumed the payment only of the amount legally due by J. R. Moore on the original loan; that, because the note sued upon was merely a renewal and extension of a usurious contract, such renewal was tainted with the same usury as the original obligation; prayed for credits on the principal of all interest theretofore paid by him and by J. R. Moore as interest, which credits would extinguish the monthly payments provided for in the note sued upon far in advance of the date suit was filed; and that this suit be abated because prematurely brought. The trial court sustained appellee's special exceptions to these defensive pleadings of appellants, and directed a verdict in favor of appellee. Hence this appeal.

Treating these stricken allegations as true, they show the following: Loan to J. R. Moore by Temple Trust Company of $2,250 on September 1, 1926, evidenced by eight notes executed by him as follows: Three notes for $150 each, four notes for $200 each, and one note for $1000, due respectively on October 1, 1927, 1928, 1929, 1930, 1931, 1932, 1933, and 1936, all bearing interest from date at 7 per cent. per annum, interest payable semiannually, and their payment secured by a first deed of trust on the property here involved. The further execution, in addition to the foregoing, by J. R. Moore of an interest note on said loan for $315, secured by a second deed of trust on the same property, payable in semiannual installments on April 1 and October 1, 1927, to 1934, inclusive. The first deed of trust and series of notes contained accelerated maturity provisions in case of default in payment of principal or interest, and authorized, at the option of appellee, maturity of all of said notes and foreclosure of said liens. The second deed of trust and $315 note also contained accelerating maturity clauses and other limiting provisions, which appellee contends removes any taint of usury from the transaction. Under the conclusion we have reached, however, the issue of whether the original loan to J. R. Moore was usurious is immaterial, for the reason that the action of the trial court should be sustained, we think, even if it be admitted that said loan was usurious. The allegations of appellant showed that Jesse F. Moore, as part consideration for the land conveyed to him, assumed payment of the series of notes secured by the first deed of trust, specifically identifying and describing them as follows: "Three notes of $150. each and four notes for $200 each due Oct. 1, 1927, to 1933, respectively, and one note for $1,000 due Oct. 1, 1926. * * *" He also alleged that "the said Jesse F. Moore did not assume the payment of said loan obligations other than the said principal notes secured by first lien deed of trust." No mention was made of the $315 note and second deed of trust. So far as his pleadings show, this note still remained the primary obligation of his grantor, J. R. Moore. At the time of the execution of the $1,800 note herein sued upon, the $315 note had obviously been paid, presumably by J. R. Moore, who is not a party to this suit.

But if the eight notes whose payments were assumed by Jesse F. Moore had been tainted with usury so far as their maker, J. R. Moore, was concerned, when Jesse F. Moore assumed their payment, in a definite, specific, and stated amount only, as to him this constituted a new contract on his part to pay such named sums, and he cannot set up usury as a defense. People's B. & L. Ass'n v. Sellers, 19 Tex. Civ. App. 201, 46 S. W. 370; Southern Home B. & L. Ass'n v. Winans, 24 Tex. Civ. App. 544, 60 S. W. 825; Bowman v. Bailey (Tex. Civ. App.) 203 S. W. 922; Haney v. Temple Trust Co. (Tex. Civ. App.) 55 S.W.(2d) 891, 893; 39 Cyc. 998. Under the facts alleged as a defense it is clear, we think, that appellant did not, as he contends here, merely assume the legal debt due and owing by J. R. Moore to Temple Trust Company, but that he promised absolutely to pay a specific designated amount which was less than the total of J. R. Moore's debt. Appellants' answer, in these respects, consequently presented no justiciable controversy on the issue of usury, and was properly stricken upon exceptions taken. His assumption agreement was not merely to pay "legal amounts" or "legal indebtedness" due by J. R. Moore to appellee on said loan, but to pay a specific named indebtedness describing the amounts and due dates. This feature of appellants' undertaking clearly distinguishes this case from National L. & Inv. Co. v. Stone (Tex. Civ. App.) 46 S. W. 67.

It is not contended that the trial court's judgment is erroneous, if appellants were not entitled to assert their plea of usury in

,the note sued upon. This we think they were not under the facts alleged entitled to do. The trial court's judgment is therefore affirmed.

Affirmed.