**STEPHENS et al. v. GLENN.**

**No. 8016.**

Court of Civil Appeals of Texas. Austin.

Nov. 28, 1934.

Charles Nordyke, of Lubbock, for appellants.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellee.

BLAIR, Justice.

Appellee, H. C. Glenn, receiver of the Temple Trust Company, sued appellants, S. D. Stephens and M. N. Thompson, on a $3,900 note, and for $90.09 balance due on an even date interest note, 'secured, respectively, by first and second deed of trust liens on 156 acres of land, and for interest, attorney's fees, and foreclosure of the liens, alleging that the liability of each appellant was based upon his assumption of the payment of the notes as part of the purchase price of the 156 acres of land. Appellants answered that the loan contract was usurious, and prayed that double the amount of interest theretofore paid be credited on the principal. Appellee replied, and the court held, that neither appellant could plead usury, because each had expressly assumed the payment of the notes as a part of the purchase price of the 156 acres of land. Judgment was accordingly rendered for appellee against Stephens and Thompson in the aggregate sum of $4,870.69, and for foreclosure of the deed of trust liens as against all defendants. Stephens and Thompson alone have appealed.

■ The evidence showed that both Stephens and Thompson expressly assumed the

payment of the notes in consideration of the conveyance of the 156 acres of land to them; the notes being specifically described and the assumption agreement being recited in the deeds of conveyance. A purchaser who agrees, as a part of the purchase price, to discharge a mortgage or deed of trust on the property conveyed, cannot raise the question of usury in respect to the obligation secured by the mortgage or deed of trust. Moore v. Temple Trust Co. (Tex. Civ. App.) 60 S.W. (2d) 828, writ refused; 27 R. C. L. 288, 289. In such circumstances the purchaser is not regarded as borrowing money, nor as being the needy debtor oppressed by difficult demands and intended to be protected by the usury statutes; but "he is perfectly free and unfettered, can buy the property or not as he chooses, and when he does he buys at the best price he can get it, and for profit." 27 R. C. L. 288.

■ But appellant Thompson contends that, after the filing of this suit, he obtained an assignment from the original makers of the notes in suit, assigning to him their claim or chose in action for any usurious interest paid by them on the usurious loan contract, and that by amended pleadings he sought, but was denied, a recovery on such assignment of claim or chose in action; the trial court concluding that neither of the assignors had any such claim or chose in action to assign under the undisputed evidence, which was as follows:

On December 1, 1922, J. T. Meek and wife and S. D. Stephens and wife executed jointly the two notes and the first and second deeds of trust securing the notes, and delivered them to the Temple Trust Company. Thereafter, on the same day, Meek and wife sold and conveyed their undivided one-half interest in the 156 acres of land to appellant S. D. Stephens, who, as a part consideration for the conveyance, expressly assumed the payment of both notes, the deed reciting the assumption agreement, and thereafter Stephens paid the 6 per cent. annual interest due on the $3,900 note, and the annual installment of $78 due on the interest note, aggregating $312, on December 1, 1923, and the same amount for each year thereafter to and including the year 1931; all of which payments were subsequent to the conveyance by Meek and wife to Stephens and his express assumption of the said indebtedness as a part of the purchase price of the land. And on January 27, 1931, the said S. D. Stephens and wife conveyed the land to appellant Thompson, who, as a part consideration for the land, expressly assumed the payment of both notes; the deed describing them and reciting the assumption agreement. Thus it was shown that Meek and his wife never paid any interest on the notes or loan, and therefore had no claim or chose in action for usurious interest paid to assign. And appellant S. D. Stephens never paid any interest on the notes until after he had expressly assumed the payment of the notes as a part consideration for the conveyance of the 156 acres of land to him. Thus he became a purchaser who agreed as a part of the purchase price to discharge the deeds of trust on the property conveyed, and, under the rule above announced, could not raise the question of usury in respect to the obligation or debt secured by the deeds of trust.

Whether the loan contract in suit was usurious in its inception need not be determined, because, if it were so, our above conclusions are that appellants cannot plead usury to same.

The judgment of the trial court will be affirmed.

Affirmed.