**Buford ATER, Appellant, v. CONTINENTAL LIFE INSURANCE COMPANY, Appellee.**

No. 8011.

Court of Civil Appeals of Texas. Austin.

Nov. 21, 1934.

Rehearing Denied March 27, 1935.

Royce A. Oxford, of Plainview, for appellant.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellee.

McCLENDON, Chief Justice.

Appeal from a judgment foreclosing deed of trust liens upon real estate. The facts are undisputed, and the only issue in the case is the correctness of the trial court's refusal to sustain a plea of usury. It is conceded by all parties to the appeal that the case is ruled by the decision of this court in Walker v. Temple Trust Company, 60 S.W.(2d) 826, in the Supreme Court on writ of error granted, 80 S.W.(2d) 935.

Upon the authority of that case the trial court's judgment is affirmed.

Affirmed.

**J. W. HUFF et al., Appellants, v. H. C. GLENN, Receiver, Appellee.**

No. 8099.

Court of Civil Appeals of Texas. Austin.

April 3, 1935.

Chas. Nordyke, of Lubbock, for appellants.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellee.

McCLENDON, Chief Justice.

This is a usury suit. The instruments relied upon as constituting a contract for usurious interest are in all essential respects the same as those construed and held not to import usurious interest in Walker v. Temple Trust Co. (Tex. Civ. App.) 60 S.W.(2d) 826, re-

cently affirmed by the Supreme Court, 80 S. W.(2d) 935.

The case also presents the question of assumption of the debt by vendee of maker, as purging the transaction of the taint of usury. The above holding renders discussion of this question unimportant; and we therefore pretermit it.

The trial court's judgment is affirmed.

Affirmed.

**E. K. HUFSTEDLER et al., Appellants, v. MISSOURI VALLEY COLLEGE, Appellee.**

No. 8040.

Court of Civil Appeals of Texas. Austin.

April 3, 1935.

Chas. Nordyke, of Lubbock, and H. D. Payne, of Floydada, for appellants.

J. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellee.

BLAIR, Justice.

Appellee, Missouri Valley College, as assignee of the Temple Trust Company, sued appellants, E. K. Hufstedler and wife, on their principal note for $3,500, and their interest note for $704.47, payable to the Temple Trust Company, secured, respectively, by a first and second deed of trust on 209.8 acres of land. Appellants pleaded that the loan contract was usurious from its inception, and prayed that all payments of interest be applied as a credit on the principal. The trial court construed the loan contract as not providing for usury, and accordingly rendered judgment for appellee; hence this appeal.

The loan contract in suit is evidenced by the two notes and deeds of trust, which contain identical or similar provisions as the notes and deeds of trust involved in the case of Walker v. Temple Trust Company (Tex. Civ. App.) 60 S.W.(2d) 826, affirmed by the Commission of Appeals, 80 S.W.(2d) 935, wherein the loan contract was construed as clearly manifesting an intention on the part of the loan company to avoid the collection of usurious interest. Upon the authority of the Walker Case, the judgment in the instant case will be affirmed.

Affirmed.