**NORDYKE et al. v. MISSOURI VALLEY COLLEGE et al.**

No. 8050.

Court of Civil Appeals of Texas. Austin.

April 3, 1935.

Rehearing Denied May 8, 1935.

Chas. Nordyke, of Lubbock, for appellants.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellees.

BLAIR, Justice.

As concerns this appeal, Missouri Valley College, as holder of an $8,000 principal note, and H. C. Glenn, receiver for Temple Trust Company, as holder of an interest or second note, secured, respectively, by first and second deed of trust liens on 320 acres of land in Lubbock county, sued appellants, Mrs. Ola Nordyke and her husband, Charles Nordyke, to foreclose the liens on the land, Mrs. Nordyke having purchased the land subject to the indebtedness, which was described in the deed of conveyance to her. Several of her predecessors in title had expressly assumed payment of the notes in suit by the deeds conveying the land to them. The Nordykes pleaded that the loan contract was usurious from its inception. The trial court held the loan contract not to be usurious, and accordingly rendered a personal judgment against the original maker of the notes for the full amount due thereon, and against the Nordykes for foreclosure of the liens securing the notes; hence this appeal by the Nordykes alone.

The loan contract is in all material respects similar to the one involved in the case of Walker v. Temple Trust Co. (Tex. Civ. App.) 60 S.W.(2d) 826, affirmed by the Supreme Court in 80 S.W.(2d) 935, wherein it was held that the loan contract evidenced an intention on the part of the loan company not to provide for usurious interest.

And since Mrs. Nordyke purchased the property subject to the loan and mortgage securing it, she cannot plead usury in the original mortgage transaction. Moore v. Temple Trust Co. (Tex. Civ. App.) 60 S.W.(2d) 828, writ refused; Van Meter v. American Central Life Ins. Co. (Tex. Civ. App.) 78 S.W.(2d) 251; National Bond & Mortgage Corp. v. Mahanay (Tex. Com. App.) 80 S.W.(2d) 947, not yet published [in State Report].

The judgment of the trial court will be affirmed.

Affirmed.