**TIPTON et al. v. BOARD OF PENSIONS OF PRESBYTERIAN CHURCH IN U. S. A.**

No. 8196.

Court of Civil Appeals of Texas. Austin.

April 3, 1935.

Rehearing Denied May 8, 1935.

Lockhart & Brown, of Lubbock, for appellants.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellee.

BLAIR, Justice.

Appellee, Board of Pensions of the Presbyterian Church in the U. S. A., as assignee of the Temple Trust Company, sued appellants, J. W. Tipton and wife, and others not necessary to mention, on a $4,000 note executed by J. H. Hubbard and wife to Temple Trust Company, and to foreclose deed of trust lien securing the indebtedness. Appellants filed their plea of privilege to be sued in Dawson county, their domicile, and subject to the plea of privilege plead that the loan contract was usurius from its inception. Appellee duly controverted the plea of privilege and pleaded that Tipton could not plead usury because he expressly assumed payment of the note as a part of the purchase price of the land. The undisputed facts showed that Tipton had so assumed the note in suit; and the court overruled the plea of privilege because the note was payable in Temple, Bell county, Tex., and rendered judgment for appellee as prayed; hence this appeal.

On the merits the case is controlled by the case of Moore v. Temple Trust Company (Tex. Civ. App.) 60 S.W.(2d) 828, wherein it is held that a purchaser who agrees as a part of the purchase price to discharge a mortgage debt cannot raise the question of usury in respect to the obligation secured by the mortgage.

Both as to the merits and as to the plea of privilege appellants contend the evidence is insufficient, because the suit was brought in the name of the Board of Pensions of the Presbyterian Church in U. S. A., a corporation, and the proof failed to show "itself to be the owner of the note sued upon, but on the contrary, * * * introduced proof showing such note to be the property of another, to-wit, The Presbyterian Board of Ministerial Relief and Sustentation." We do not sustain the contentions. Appellee's pleadings alleged that "now comes the Board of Pensions of the Presbyterian Church in U. S. A. * * * a private corporation"; and further alleged that "Temple Trust Company sold and endorsed said note * * * to The Presbyterian Board of Ministerial Relief and Sustentation * * * and that the name of The Presbyterian Board of Ministerial Relief and Sustentation has been changed by charter amendment to the Board of Pensions of the Presbyterian Church in U. S. A., the plaintiff herein, and that plaintiff is the legal owner and holder of the note."

With regard to the merits, the effect of appellants' contention is that appellee failed to prove that it had changed its corporate name as alleged. This contention cannot be sustained as to the merits, because appellants failed to answer by verified plea, "that the plaintiff * * * alleged in the petition to be duly incorporated, is not duly incorporated as alleged," as required by subdivision 7 of article 2010, R. S. 1925.

While it is true that where venue is sought to be fixed in the county of suit upon the ground that defendant is a corporation, the effect of the filing of a plea of privilege is to require plaintiff to prove the corporate existence of defendant. But a plaintiff, filing a suit as a corporation, is not required to prove its corporate existence, where it sues and seeks to maintain venue upon the ground that the note sued upon is payable in the county where the suit is filed. A plaintiff suing as a corporation need not prove on plea of privilege that it has changed its name by charter amendment, especially where the fact of incorporation is not the ground upon which it seeks to fix venue, since article 2007 only requires that a plaintiff desiring to fix venue need only "file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending."

Manifestly, it is not material, and the venue statutes do not require a corporation bringing a suit on a note in the county where the note is payable, to prove the allegation that it has changed its name by charter amendment, because that is not a "fact or facts relied upon to confer venue * * * where the cause is pending."

The judgment of the trial court will be affirmed.

Affirmed.