## LAVENDER et al. v. GLENN.
### No. 8232.

Court of Civil Appeals of Texas. Austin.
April 10, 1935.

Dibrell & Snodgrass, of Coleman, for appellants.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellee.

McCLENDON, Chief Justice.

This is a usury case, involving a loan of $1,500 by Temple Trust Company to Mrs. Lavender, and secured by trust deed upon realty. The asserted usury is in the deduction of $150 from the amount loaned, under substantially the same circumstances as set forth in Temple Trust Co. v. Stobaugh, 59 S.W.(2d) 916 (error dismissed), which we held to be usurious. The original loan was made on February 10, 1926. On February 18, 1930, Mrs. Lavender conveyed the property securing the loan to Harbour and wife; the grantees assuming the unpaid balance of the debt at that time as a part of the consideration, and also executing five serial notes to Mrs. Lavender, which were secured by a vendor's lien upon the property conveyed. Harbour and wife made several principal and interest payments on the debt. On January 18, 1932, Harbour and wife reconveyed the property to Mrs. Lavender, in consideration of the cancellation of the last three of these vendor's lien notes, the first two having been paid, and the further consideration of a release by Mrs. Lavender of the assumption of the Temple Trust Company loan. The suit was filed by Glenn, as receiver of the Temple Trust Company, against Harbour upon his personal obligation in assuming the debt, and against him and Mrs. Lavender to foreclose the trust deed lien. Both pleaded usury. The trial was to the court without a jury, who rendered judgment against Harbour for the unpaid balance of the debt, principal, interest, and attorney's fees, and foreclosing the lien as to both defendants; the court holding that the assumption by Harbour of the alleged usurious debt precluded the assertion of usury. Mrs. Lavender and Harbour have separately appealed.

Under the Supreme Court's holding in National Bond & Mortgage Corporation v. Mahanay, 80 S.W.(2d) 947, and the holding of this court in Cutler v. Glenn, 81 S.W.(2d) 1050, any payments made by Harbour and wife were on behalf of and inured to the benefit of Mrs. Lavender, and were available to her.

It will be observed that Mrs. Lavender never parted with her interest in the property, as she retained the superior title thereto under the retention of the vendor's lien so long as the vendor's lien notes remained unpaid. Those notes constituted a second lien upon the property, the Temple Trust Company lien being the first lien thereon. Under these circumstances, she clearly never lost the right to assert usury as against her interest in the property, to the full extent that such right existed in her prior to her conveyance to Harbour and wife, both as to her personal liability and the extent of the lien upon the property. This we think both in principle and as a necessary deduction from the above holding. People's, etc., v. Palmer, 2 Neb. (Unoff.) 460, 89 N. W. 316; Knickerbocker Life Ins. Co. v. Nelson, 78 N. Y. 137; Henderson v. Bellew, 45 Ill. 322; Valentine v. Fish, 45 Ill. 462; Stephens v. Muir, 8 Ind.

352, 65 Am. Dec. 764. See, also, case note in 8 L. R. A. (N. S.) 814–819; 27 R. C. L. pp. 288–292.

While Harbour was bound personally by his assumption of the debt, any payments on usurious interest which he might thereafter make would inure to the benefit of Mrs. Lavender. Therefore, the receiver was not entitled to recover against him any usurious interest after he had conveyed the property to Mrs. Lavender, as she had the right to have the foreclosure limited to the remaining principal amount of the debt, less such offsets as she might be entitled to as penalty for collection of usurious interest within two years from the filing of the suit. To this extent the judgment is erroneous as to Harbour.

It is unnecessary to determine whether the facts conclusively show a usurious transaction, since the judgment by its recitals is predicated upon a denial of the plea based upon the assumption by Harbour and wife.

The trial court's judgment is reversed, and the cause is remanded to that court.

Reversed and remanded.