## HUFSTEDLER et al. v. GENERAL AMERICAN LIFE INS. CO.

### No. 8102.

Court of Civil Appeals of Texas. Austin.
May 1, 1935.

Rehearing Denied May 22, 1935.

Chas. Nordyke, of Lubbock, for appellants.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellee.

BAUGH, Justice.

In the interest of brevity and to avoid confusion, we have concluded, upon consideration of appellee's motion for rehearing, to withdraw our former opinion herein and to substitute this opinion in lieu thereof.

Suit was by appellee against S. M. Hufstedler and others upon notes executed by Hufstedler to the Temple Trust Company and acquired by appellee through assignment, and for foreclosure of deed of trust liens on 320 acres of land in Lubbock county, Tex. The defenses urged, among others, were that said contracts were usurious. The instruments involved were essentially, if not identically, the same as those held not to be usurious in Walker v. Temple Trust Company (Tex. Civ. App.) 60 S.W. (2d) 826, affirmed by the Supreme Court in 80 S.W.(2d) 935. The contentions as to usury here urged by appellants are, on the authority of the Walker Case, therefore overruled.

■ Appellants urge, however, that the trial court's judgment is fundamentally erroneous wherein it directed that if any surplus remained after payment of appellee's judgment, costs, etc., one-half of such surplus be paid to Hufstedler and the other half to H. H. Sides, because no such relief was asked for in the pleadings. This contention is not sustained. S. M. Hufstedler was the original maker of the notes and deeds of trust on the 320 acres. Thereafter he conveyed one-half of said lands to one Patman, who assumed payment of one-half of the debt to Temple Trust Company. Patman then conveyed same to H. H. Sides, who assumed payment of one-half of said debt. Patman was not made a party defend-

ant, and Sides did not answer. Hufstedler, however, sought no relief against Sides by cross-action or otherwise. Personal judgment was rendered only against Hufstedler, but foreclosure was awarded as against all defendants. Only the Hufstedlers have appealed.

It is true that Sides asked for no relief, but he was a party defendant over whose interest in the land the trial court had jurisdiction. The undisputed evidence showed that at the time of the trial Sides had the legal title to one-half of said lands through proper conveyances, subject to the superior lien thereon of appellee. Any surplus, therefore, arising from sale of said lands under foreclosure of the mortgage, after payment of appellee's debt, costs, etc., would represent an equity of redemption. As between Hufstedler and Sides, the title of Sides to the one-half purchased by him was superior to any right therein of Hufstedler, and he succeeded to the original mortgagor's equity of redemption as to the lands so conveyed to him. 42 C. J. 314, and cases cited. Under plaintiff's pleadings, therefore, and the undisputed evidence, even though Sides did not answer, the trial court's judgment was correct, and it will be affirmed.

Affirmed.