## EASTERN MORTGAGE & SECURITIES CO. v. GUENTHNER et al.

### No. 8556.

Court of Civil Appeals of Texas. Austin.
Jan. 1, 1938.

Rehearing Denied Jan. 19, 1938.

Raymond E. Buck and Victor C. McCrea, both of Fort Worth, for plaintiff in error.

Upton, Upton & Baker, of San Angelo, for defendants in error.

BAUGH, Justice.

L. F. Guenthner and E. P. Ramsey sued Eastern Mortgage & Securities Company. and the National Bond & Mortgage Corporation to cancel certain notes originally executed by Guenthner to the National Bond & Mortgage Corporation, on the ground that they were usurious, and had been paid; and to cancel a deed of trust lien on property in San Angelo, Tex., given to secure their payment. In a trial to the court without a jury, the court granted the relief prayed for, from which the Eastern Mortgage & Securities Company has prosecuted this writ of error.

' In all material respects the loan originally made to Guenthner was similar to those made by the same corporation and held to be usurious in National Bond & Mortgage Corporation v. Mahanay, 124 Tex. 544, 80 S.W.2d 947, and in Baltimore Trust Co. v. Sanders, Tex.Civ.App., 105 S.W.2d 710. So far as that question is concerned, therefore, as between the original parties to the transaction, the loan will be treated as usurious. The issues here involved arises from a conveyance, by the original owner, of the property upon which the lien was given, and the assumption by the subsequent purchasers of the debt given against it.

The material facts involved were substantially as follows: On October 13, 1927, L. F. Guenthner borrowed from the National Bond & Mortgage Corporation the sum of $2,700 to take up and extend a mechanic's lien note on the property involved. For this loan he executed three notes. Note No. 1 for $2,700 bearing 6 per cent. interest, interest payable monthly for the first 36 months, and thereafter payments to be made monthly in the sum of $39.45 each, which were to pay the interest and amortize the principal of the $2,700 note. Note No. 2 for $365.72, bearing 6 per cent. interest from its date and payable in monthly installments of $11.-12 each over a period of 36 months, which monthly payments, if made, would discharge this note, both principal and interest, at the expiration of the 36-month period. The payment of notes 1 and 2 was secured by a first deed of trust given by Guenthner and wife on said property.

Guenthner also executed a third note for $279.93, payable in monthly installments of $7.78 each, payment of which was secured by a second deed of trust on said property. Guenthner made one monthly payment on said loan and on November 23, 1927, sold and conveyed said property to A. R. Young and wife for a consideration of $3,750, recited in the deed as follows:

"Three Hundred and Fifty and No/100 Dollars ($350.00) cash; the assumption of a note in the sum of Twenty-seven Hundred Dollars ($2,700.00), payable to the National Bond & Mortgage Corporation, in installments of Forty and 50/100 Dollars ($40.50) monthly; and the execution of one second lien note in the amount of Seven Hundred and No/100 Dollars ($700.00) payable to L. F. Guenthner, at the rate of Twenty and No/100 Dollars ($20.00) monthly, and bearing interest as it accrues, at the rate of eight per cent (8%)."

Young made two monthly payments to National Bond & Mortgage Corporation of $40.50 each; and on February 8, 1928, sold and conveyed the property to E. P. Ramsey and W. H. Suggs, for a consideration of $3,665, recited in the deed as follows:

"Three Hundred Fifty ($350.00) Dollars cash in hand paid, the receipt of which is hereby acknowledged and confessed; the assumption of the balance of a note in the sum of Twenty-seven Hundred ($2,700.00) Dollars, payable to the National Bond & Mortgage Corporation in installments of $40.50 monthly; and the assumption of one second lien note in the amount of Seven Hundred ($700.00) Dollars, payable to L. F. Guenthner at the rate of $20.00 per month, and bearing interest as it accrues at the rate of eight per cent."

Thereafter on March 14, 1928, Guenthner released the $700 note made to him by Young. And on June 9, 1928, Ramsey purchased Suggs' interest in the property, repaying Suggs what he had paid out and assumed payment of the "balance of a note in the sum of $2,700 payable to National Bond & Mortgage Corporation in installments of $40.50 per month." From Febru-

ary, 1928, to October, 1930, Ramsey paid to National Bond & Mortgage Corporation monthly the sum of $40.50, and thereafter $39.45 per month until July, 1933.

Note No. 1 and the lien securing its payment were assigned to plaintiff in error on April 26, 1933. Prior to that time, it may be treated as still owned by the National Bond & Mortgage Corporation. The National Bond & Mortgage Corporation collected the payments due thereon until June 6, 1933, when it advised Ramsey that it had sold said note, declined to accept further payments, and directed him to make payments thereafter to an agent of plaintiff in error at Fort Worth, Tex.

█ The first contention made by plaintiff in error is that, conceding that the original transaction was usurious, under the assumption by subsequent purchasers, as above set out, Ramsey cannot assert usury. The rule is now well settled that though a loan be tainted with usury if a purchaser of the mortgaged property definitely assumes, as his original obligation, the payment of the usurious debt, it becomes as to him a new obligation constituting a part consideration for the property and he cannot plead the vice in the original transaction. Moore v. Temple Trust Co., Tex.Civ. App., 60 S.W.2d 828; Nat'l Bond & Mortgage Corp. v. Mahanay, 124 Tex. 544, 80 S.W.2d 947; 42 Tex.Jur. § 94, p. 995, and numerous cases cited in footnote.

█ Defendant in error insists, however, that Ramsey assumed only what was legally due on said loan, and is therefore not estopped to plead usury; and, further, that on February 8, 1928, he was advised in writing by National Bond & Mortgage Corporation that the balance due on Guenthner's loan to January 13, 1928, was $2,636.46, and assumed payment of same on that information. That consequently, as a matter of law, he received no abatement in the purchase price of the usurious interest carried into such loan to Guenthner.

We are of the opinion that the assumption provisions in the conveyances from Guenthner to Young, and from Young to Ramsey and Suggs were for a definite and specific sum. Subsequent purchasers from Guenthner likewise assumed definite specific sums, specifically described. Nowhere did Young or Ramsey or Suggs assume either notes 2 or 3, and so far as the record shows they continued to be the primary obligations of Guenthner. It was not shown whether they had been paid prior to this suit or not. Under the original contract, notes 1 and 2 (not considering note 3) were payable in monthly sums aggregating $24.62 each, for a period of 36 months, and thereafter in monthly sums of $39.45. The interest on note No. 1 during the first 36 months was only $13.50 per month. Nowhere in the original transaction as shown by the record before us do we find any provision for the payment by the borrower of $40.50 per month on the $2,700 note, until this sum was written into the assumption thereof in the deed from Guenthner to Young, dated November 23, 1927. Since the National Bond & Mortgage Corporation knew of this provision and accepted such payments, it will be presumed that it accepted such obligation on the part of Young and afterwards of Ramsey and Suggs to pay the debt in larger monthly payments than the original obligation made by Guenthner required. Since Young and his subsequent vendees assumed payment only of note No. 1, which was not on its face, nor of itself, usurious, manifestly they had the right to require that the payments made by them be applied to the extinguishment of that note, and to require the National Bond & Mortgage Corporation to look to Guenthner, the maker, for the payment of notes Nos. 2 and 3. None of the notes was introduced in evidence, nor was it shown how any of the payments made were applied. From the cross-action filed by the plaintiff in error, however, in which it alleged that it was the holder of notes Nos. 1 and 2, and from the amount claimed by it to be still due on note No. 1, it is manifest that the payments made by Young and Ramsey were not applied wholly on note No. 1, but towards the payment of notes Nos. 2 and 3, also. The assignment to plaintiff in error of note No. 1 makes no mention of note No. 2, but evidently it likewise was transferred to plaintiff in error along with note No. 1, both of which were secured by the same deed of trust. Having acquired notes Nos. 1 and 2, plaintiff in error became the holder of a contract which, according to its terms and as a matter of law, was usurious. This for the reason that note No. 2 must, as we held in Baltimore Trust Co. v. Sanders, Tex.Civ.App., 105 S.W.2d 710, 715, in a similar transaction with the same corporation, be treated as an interest note on the actual loan made. When so treated, the borrower was required to pay as interest, not including note No. 3, on the $2,700 loaned, during the first 36 months the sums of $13.50 per month on note No. 1,

and $11.12 per month on note No. 2, a total of $295.44 per year, or $25.44 per year in excess of 10 per cent. on the money received by the borrower. Consequently it could not be deemed an innocent purchaser, but was put upon notice that it was purchasing a usurious obligation. In any event, a note, if clearly usurious, obtains no validity as to unlawful interest by passing into the hands of an innocent purchaser. Gilder v. Hearne, 79 Tex. 120, 14 S.W. 1031; Trinity Fire Ins. Co. v. Kerrville Hotel Co., Tex. Sup., 103 S.W.2d 121, 126, 110 A.L.R. 442. Consequently Ramsey, who did not assume the payment of the usurious interest, but only note No. 1 which bore 6 per cent. interest, which note he was in effect advised by National Bond & Mortgage Corporation, on February 8, 1928, was the only indebtedness remaining of said loan, and did not receive an abatement on the purchase price of the amounts of notes Nos. 2 and 3, would not be estopped to assert the usurious provisions of the original transaction.

■ Plaintiff in error insists that since the subsequent purchasers assumed payment of the principal debt, necessarily they also assumed payment of the interest notes (notes 2 and 3) which were incident to the principal note (note 1), under the holding of the Supreme Court in National Bond & Mortgage Corporation v. Mahanay, 124 Tex. 544, 80 S.W.2d 947. In the Mahanay Case the outstanding debt against the property was not assumed, but the purchaser took title subject to it; and recited that such debt was payable in monthly installments of $39.07 each. That sum was the exact amount of the monthly payments to be made on notes Nos. 1 and 2 (all that were executed in that loan) and the court concluded that because of these facts Miss Mahanay recognized both notes as outstanding and took title subject to them. But a different situation is here presented. In the instant case the borrower, though he received only $2,700, executed three notes, the first two secured by a first lien on the property and note No. 3 secured by a second lien. The total aggregate monthly payment on all of said notes for the first 36 months was $32.40. When Ramsey purchased the property, he was advised in writing by his attorney of these three outstanding notes and liens and the amount of the monthly payments provided for on each of them. Yet when he purchased the property he assumed payment only of note No. 1, payable "in installments of Forty and 50/100 Dollars ($40.50) monthly." Not only did he specifically as-

sume only a definite obligation, but at a different rate of payment than that provided for in the original transaction between the maker of said notes and the National Bond & Mortgage Corporation. Consequently it cannot be said that the rule laid down in the Mahanay Case applies. On the contrary, knowing that three notes were originally outstanding and assuming the payment of only one of them, and of that one specifically, it is manifest that he did not intend to assume payment of the other two notes. When advised in writing by National Bond & Mortgage Corporation, on February 8, 1928, that there was a balance due on January 13, 1928, on said loan to Guenthner of only $2,636.46, which manifestly did not include either notes Nos. 2 or 3, and on which basis Ramsey fixed the purchase price of the property and assumed the payment of the $2,700 note, it becomes clear that he never intended to, and did not undertake to, assume notes Nos. 2 and 3, which embodied the usurious interest, and that these two notes formed no part of the consideration for the conveyance to him of the property involved. These facts and circumstances clearly make inapplicable to this case the rule announced in the Mahanay Case. Upon the information given him at the time by National Bond & Mortgage Corporation, Ramsey had a right to assume that notes Nos. 2 and 3 had been discharged and no longer constituted a lien on said property.

■ The next contention made by plaintiff in error is that Guenthner was neither a necessary nor proper party to this suit, and the fact that he was a party does not accrue to the benefit of an assuming purchaser. This contention is not sustained for the reason that so far as this record shows he was still primarily liable on notes Nos. 2 and 3; and plaintiff in error pleaded that it was the owner of note No. 2 as well as of note No. 1, and sought judgment thereon and foreclosure of its lien. Likewise Guenthner warranted title to the property except as to the note No. 1 assumed by the purchaser from him. Consequently he was not only a proper party to the suit, but entitled to plead the invalidity of the usurious note theretofore executed by him to the extent of his liability. And payments by subsequent purchasers of the property who paid such usury will inure to the benefit of Guenthner, when such plea was available to him at the time of the conveyance. Lavender v. Glenn, Tex.Civ.App., 82 S.W.2d 714; National Bond & Mortgage Corp. v. Mahanay, supra.

The last contention made by plaintiff in error is that since it was the owner of note No. 1 only, which was not of itself usurious, and had never received any of the usurious interest paid; but that the usurious interest so paid was paid to other parties, it was an innocent bona fide holder of the principal note only, which should not in its hands be credited with the usurious interest paid to the National Bond & Mortgage Corporation. This proposition is based upon the holding in Hamilton v. Bill, Tex.Civ. App., 90 S.W.2d 929, writ of error refused. But a different case from that of Hamilton v. Bill is here presented. Plaintiff in error acquired note No. 1 in April, 1933. While the record assignment to it of that note makes no mention of note No. 2, which rendered the loan usurious, in its cross-action it alleged that it was the holder also of note No. 2, and sought judgment and foreclosure as to both. Since both notes were secured by the same lien, presumably it acquired them at the same time and by the same assignment. And since the two notes together rendered the transaction usurious as a matter of law, it could not claim as an innocent holder but took same charged with knowledge that all prior payments thereon were usurious and subject to be applied towards the extinguishment of the principal debt; and also charged with knowledge that payments made to it of interest thereon could likewise be so applied. Consequently the rule laid down in Hamilton v. Bill does not apply.

Finding no reversible error, the judgment of the trial court will be affirmed.

Affirmed.