### GLENN v. LAVENDER et al.

### No. 8557.

Court of Civil Appeals of Texas. Austin.

April 19, 1939.

Motion for Rehearing Overruled June 28, 1939.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellant.

Dibrell & Snodgrass, of Coleman, for appellees.

McCLENDON, Chief Justice.

This is a usury case and its second appeal. Lavender v. Glenn, Tex.Civ.App., 82 S.W.2d 714. Upon the issue of usury the case is on all fours with Temple Trust Co. v. Haney, Tex.Civ.App., 103 S.W.2d 1035; affirmed Tex.Sup., 107 S.W.2d 368, rehearing opinion Tex.Sup., 126 S.W.2d 950. In our former opinion we referred to the loan as one for $1,500, evidenced by a note for $1,660. As a matter of fact the amount of the loan was $3,000, evidenced by notes aggregating $3,360, the last maturing being for $1,660. The trial court held the notes usurious and found that the $3,000 loan was entitled to credits represented by payments on principal ($1,200) and interest ($766.20), of $1,966.20, leaving a balance of $1,033.80. He credited this sum with $824, being double the amount of interest paid within two years of filing the suit, leaving a balance of $209.80. To this he added ten per cent attorney's fees, and rendered judgment for $230.12 (the correct amount should have been $230.78), with foreclosure of the asserted lien.

By applying the method adopted in the Haney case above, we find that there has been no interest payment as to which Mrs. Lavender is entitled to the statutory penalty. The amount of the loan ($3,000) should therefore be credited only with $2,-378.20, the full amount of principal and interest actually paid ($1200+766.20+$412), and judgment rendered for that amount

($621.80), plus ten per cent attorney's fees ($62.18), in all $683.98.

The trial court rendered judgment against Harbour (who had assumed the debt) for the same amount as that rendered against Mrs. Lavender. Appellant assigns error in this regard predicated upon the proposition that Harbour cannot avail himself of the plea of usury as to his personal obligation because of his assumption. No brief has been filed for Harbour. We sustain this assignment, and appellant is directed to file with the clerk within ten days a draft of decree as to Harbour showing the correct amount of personal judgment to be rendered against him in accordance with our former opinion; and the judgment will be reformed in that regard accordingly.

As to Mrs. Lavender (no personal judgment being sought against her), the trial court's judgment is reformed so as to award appellant a judgment establishing his lien upon the property in suit to secure his above debt of $683.98, together with interest thereon at 6% per annum from date of the trial court's judgment, with foreclosure of said lien.

All costs are assessed against appellees. Reformed and affirmed.