**Bill RICHARDSON, Appellant,**

**v.**

**FORT WORTH PIPE & SUPPLY COM-
PANY et al., Appellees.**

**No. 17515.**

Court of Civil Appeals of Texas,
Fort Worth.

June 14, 1974.

L. J. Varnell, Jr., Mineral Wells, for appellant.

Brown, Herman, Scott, Dean & Miles, Law, Snakard, Brown & Gambill, and Samuel A. Denny, Fort Worth, for appellees.

OPINION

LANGDON, Justice.

On October 17, 1967, William E. Richardson ("Richardson") executed a deed of trust in favor of Milton E. Simon, Trustee, to secure a note in the principal sum of $50,000.00, said deed of trust covering four parcels of real estate situated in Palo Pinto County, Texas, described therein. Parcel Four described in said deed of trust covered 206 acres, more or less. On January 24, 1972, Richardson conveyed by General Warranty Deed to Bluff View Development Corporation ("Bluff View") the 206 acres of land described as Tract Four in the October 17, 1967, deed of trust. In said deed, Bluff View agreed to assume and pay the balance of $37,385.25 remaining due and owing on the note secured by the October 17, 1967 deed of trust. In the deed from Richardson to Bluff View, Richardson reserved to himself, his successors and assigns " . . . a one acre tract in the form of a square, located in the extreme Northwest corner of the above described property; . . . ." Thereafter, Bluff View attempted to develop the 205 acres conveyed to it by Richardson into a country club, and in connection therewith Fort Worth Pipe furnished Bluff View with certain pipe and building materials which were used in the construction of a golf course and club house. Fort Worth Pipe was never paid for $5,588.68

of the material it delivered. On November 7, 1972, James T. Blanton, as substitute Trustee under the October 17, 1967, deed of trust, conducted a Trustee's Sale under said deed of trust and sold the 206 acres described as Parcel Four in the deed of trust (205 acres of which had been conveyed by Richardson to Bluff View). After paying all sums owing to the beneficiaries under the deed of trust, all costs of foreclosure and all attorneys' fees, there remained in the possession of James T. Blanton, Trustee, the sum of $6,408.83.

On November 9, 1972, Fort Worth Pipe filed the instant lawsuit and obtained a Writ of Garnishment against James T. Blanton, Trustee, seeking to garnish all sums owed by Blanton, Trustee, to Bluff View.

On December 29, 1972, in Cause No. 141–16097–72 in the District Court of Tarrant County, the suit to which the instant lawsuit was ancillary, Fort Worth Pipe obtained a judgment against Bluff View for the sum of $5,588.68 plus $1,500.00 in attorneys' fees, interest and court costs.

■ The question before the trial court was to determine who was entitled to the excess proceeds remaining in the hands of the Trustee after the foreclosure sale. It ruled that since 206 acres were foreclosed upon, Richardson losing one acre by virtue of the foreclosure and Bluff View losing 205 acres by virtue of such foreclosure and since Fort Worth Pipe stood in the shoes of Bluff View by virtue of its Writ of Garnishment, that Richardson was entitled to $\frac{1}{206}$th of the excess proceeds and Fort Worth Pipe was entitled to $\frac{205}{206}$ths of the excess proceeds. All parties stipulated and the judgment provided that James T. Blanton, Trustee, was entitled to recover $700.00 in attorneys' fees out of the excess proceeds.

On appeal the appellant by two points asserts that the trial court erred (1) in finding that Fort Worth Pipe & Supply Company was entitled to $\frac{205}{206}$ths of the excess funds held by the Substitute Trustee, James T. Blanton, and (2) in holding that by virtue of the Writ of Garnishment served by Fort Worth Pipe & Supply Company against James T. Blanton, Trustee, that it was entitled to the surplus funds remaining after the Trustee's Sale.

We affirm.

The issue before the trial court was to determine who is entitled to the excess proceeds in the hands of the Trustee after foreclosure. We find and hold that its ruling in this respect was correct.

An examination of the October 17, 1967, deed of trust reveals that paragraph 8 thereof provided that:

". . . and out of the money arising from such sale, the Trustee acting shall pay, first, all the expenses of advertising, sale and conveyance, including a commission of 5% to himself, and then to the Beneficiary, or any other holder thereof, the full amount of principal, accrued interest and attorneys' fees due and unpaid on said indebtedness as hereinabove set out, rendering the balance of the purchase money, if any, to the Grantors, their heirs or assigns . . . ."

Two hundred and six acres were foreclosed upon. Two hundred and five acres belonged to Bluff View and one acre belonged to Richardson. Richardson lost one acre and Bluff View, the assignee of Richardson, lost 205 acres. Under the express language of the deed of trust, the trial court correctly allocated the proceeds attributable to the foreclosure based on the respective fractions of the land lost that belonged to Richardson and Bluff View. Fort Worth Pipe stood in Bluff View's shoes by virtue of its Writ of Garnishment and was therefore entitled to the share otherwise due Bluff View. Richardson only lost one acre by virtue of the foreclosure. Bluff View lost 205 acres out of the foreclosure. Had Richardson been award-

ed all the proceeds it would have resulted in unjust enrichment. The trial court aptly applied the rule of logic in dividing the proceeds on the basis of the number of acres lost by each.

The Texas case of Hufstedler v. General American Life Ins. Co., 82 S.W.2d 759 (Austin, Tex.Civ.App., 1935, writ ref.) is relied upon by the appellee. The holding in Hufstedler rejects a contention similar to that urged by Richardson in the case at bar.

Under a cross-point the appellee asserts error on the part of the trial court in finding the mechanics and materialman's lien filed by it was invalid because not timely filed.

We see no need in discussing this point since we have held that the appellee is entitled to prevail by virtue of its Writ of Garnishment.

We overrule the appellant's points of error. The judgment of the trial court is affirmed.